SUMMONS ISSUED

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ DEC 17 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YEKUSIEL SEBROW, an individual; on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FULTON, FRIEDMAN, & GULLACE, LLP, a New York Limited Liability Partnership; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,<br><br>Defendants. | CASE NO.:<br><br>CV 10- 5897<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT<br><br>DEMAND FOR JURY TRIAL<br><br>IRIZARRY, J.<br>REYES, M.J |

## I. PRELIMINARY STATEMENT

1.  Plaintiff, YEKUSIEL SEBROW ("SEBROW"), on behalf of himself and the class of all others similarly situated, brings this action for the illegal practices of the Defendant FULTON, FRIEDMAN, & GULLACE, LLP ("FULTON FRIEDMAN") who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

2.  The Plaintiff alleges that FULTON FRIEDMAN's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

3.  Such collection practices include, *inter alia*, sending written communications to consumers, which make false representations or implications that its non-attorney debt collectors are, in fact, licensed attorneys.

4.  The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has

determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6. The FDCPA applies to lawyers regularly engaged in consumer debt-collection litigation. *Heintz v. Jenkins*, 514 U.S. 291 (1995); *Goldman v. Cohen*, 445 F.3d 152, 155 (2d Cir. 2006).

7. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations prohibited by that section are: false representations or implications that any individual is an attorney or that any communication is from an attorney, 15 U.S.C. §1692e(3).

8. The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II. PARTIES

9. SEBROW is a natural person.

10. At all times relevant to this lawsuit, SEBROW is a citizen of, and resided in, Far Rockaway, Queens County, New York.

11. At all times relevant to this lawsuit, FULTON FRIEDMAN is a for-profit Limited Liability Partnership existing pursuant to the laws of the State of New York.

12. Plaintiff is informed and believes, and on that basis alleges, that FULTON FRIEDMAN maintains its principal business address at 500 First Federal Plaza, City of Rochester, Monroe County, New York.

13. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

14. Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of FULTON FRIEDMAN that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by FULTON FRIEDMAN and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## III. JURISDICTION & VENUE

15. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

16. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of SEBROW occurred within this federal judicial district, and because FULTON FRIEDMAN is subject to personal jurisdiction in the State of New York at the time this action is commenced.

## IV. FACTS CONCERNING PLAINTIFF

17. Sometime prior to June 14, 2010, SEBROW allegedly incurred a financial obligation to FIA Card Services, National Association ("FIA Obligation").

18. The FIA Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

19. Defendants contend that the FIA Obligation is in default.

20. The alleged FIA Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

21. SEBROW is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

22. SEBROW is informed and believes, and on that basis alleges, that sometime prior to June 14, 2010, the creditor of the FIA Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to FULTON FRIEDMAN for collection.

23. FULTON FRIEDMAN collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

24. FULTON FRIEDMAN is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25. In an attempt to collect the FIA Obligation, FULTON FRIEDMAN sent SEBROW a letter dated June 14, 2010 ("6/14/10 Letter"). A true and correct copy of the 6/14/10 Letter is attached hereto as ***Exhibit A***.

26. The 6/14/10 Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

27. The top portion of the 6/14/10 Letter displays the law firm name "FULTON FRIEDMAN & GULLACE, LLP" and underneath that states "COLLECTIONS CONSULTING & LITIGATION," the telephone number "866-563-0809," and instructions to contact "Tom McCarthy" regarding any inquiries.

28. Tom McCarthy is not an attorney and, therefore, is not licensed to practice law in the State of New York or any other State.

29. Nowhere on the 6/14/10 Letter does it indicate that Tom McCarthy is actually a non-attorney debt collector.

30. The first paragraph of the 6/14/10 Letter states, "Disregard of this notice may result in the commencement of legal proceedings against you for collection of this debt."

31. The first paragraph of the 6/14/10 Letter further states, "…if a lawsuit is commenced the Court may assess additional charges for the court costs and other expenses of the lawsuit."

32. Although the 6/14/10 Letter states that it is from a "debt collector," that statement does not rule out the possibility that the letter is from a licensed attorney, as attorneys can be debt collectors.

33. In light of the foregoing, SEBROW perceived, as would the least sophisticated consumer, that the 6/14/10 Letter was in fact the work product, and sent pursuant to the directive,

of a licensed attorney, even though the letter indicates no attorney had yet "*reviewed* the particular circumstances" of SEBROW's account.

34. At the time SEBROW received the 6/14/10 Letter he perceived, as would the least sophisticated consumer, that Tom McCarthy was a licensed attorney who had either drafted said letter or authorized it to be sent.

35. The telephone number "866-563-0809" is answered by non-attorney debt collectors who are employed by FULTON FRIEDMAN at a telephone call center, which is located at an undisclosed location in the State of Maryland.

36. After receiving the 6/14/10 Letter, SEBROW reasonably inferred – as would a least sophisticated consumer – that FIA Card Services, National Association was proceeding more aggressively as it has incurred the expense of hiring a law firm, who indicated that "legal proceedings" may be "commenced" and that "the Court may assess additional charges for the court costs and other expenses of the lawsuit."

37. The 6/14/10 Letter was the first written communication that SEBROW received from FULTON FRIEDMAN.

38. FULTON FRIEDMAN intended that the 6/14/10 Letter imply a heightened severity over dunning letters from non-attorney collection companies and that the least sophisticated consumer react with a commensurate level of alarm and concern.

39. Sometime after receiving the 6/14/10 Letter, SEBROW became informed and now believes, and on that basis alleges, that the 6/14/10 Letter is actually a computer-generated, mass-produced, letter.

40. Sometime after receiving the 6/14/10 Letter, SEBROW became informed and now believes, and on that basis alleges, that Tom McCarthy neither drafted said letter nor authorized it to be sent.

## V. POLICIES AND PRACTICES COMPLAINED OF

41. It is FULTON FRIEDMAN's policy and practice to send written collection communications, in the forms attached as ***Exhibit A***, in connection with the collection of alleged consumer debts, which make false, deceptive, and misleading representations that any person is an attorney or that any communication is from an attorney.

42. Such policy and practice is in violation of 15 U.S.C. §1692e(3).

43. "Abuses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action than to a debt collection agency committing the same practice." *Crossley v. Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989).

44. "A debt collection letter on an attorney's letterhead conveys authority and credibility." *Crossley v. Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989).

45. On information and belief, the written communications, as alleged in this complaint under the Facts Concerning Plaintiff, number at least in the hundreds.

## VI. CLASS ALLEGATIONS

46. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

47. With respect to the Plaintiff Class, this claim is brought on behalf of a class of (a) all persons in the State of New York (b) to whom FULTON FRIEDMAN sent a written communication in the form attached as ***Exhibit A***; (c) in an attempt to collect a debt that was incurred for personal, family, or household purposes; (d) on behalf of FIA Card Services, National Association; (e) which was not returned as undelivered by the United States Postal Service; (f) during the one year immediately preceding the filing of the complaint and ending 21

days after the filing of this Complaint.

48.     The identities of all class members are readily ascertainable from the records of FULTON FRIEDMAN and FIA Card Services, National Association.

49.     Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

50.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e and 1692e(3).

51.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

52.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

53.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as ***Exhibit A***, violate 15 U.S.C. §§ 1692e and 1692e(3).

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

54. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the letter attached as ***Exhibit A*** violates 15 U.S.C. §§ 1692e and 1692e(3) is tantamount to declaratory relief and any monetary relief

under the FDCPA would be merely incidental to that determination.

55. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

56. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to modify the class definition and/or certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VII. FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

57. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

58. The Defendants' written communications in the form attached as ***Exhibit A*** are false, deceptive, and misleading in violation of 15 U.S.C. § 1692e.

59. The Defendants' written communications in the form attached as ***Exhibit A*** are false, deceptive, and misleading in that Tom McCarthy is not a licensed attorney in violation of 15 U.S.C. § 1692e(3).

## VIII. PRAYER FOR RELIEF

60. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and in favor of the Plaintiff Class as follows:

A. **For the FIRST CAUSE OF ACTION:**

    (i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing

SEBROW and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

(ii) An award of the maximum statutory damages for SEBROW and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(B);

(iii) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(iv) For such other and further relief as may be just and proper.

### IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED: Fresh Meadows, New York
December 15, 2010

William F. Horn, Esq. (WH-1070)
LAW OFFICE OF WILLIAM F. HORN
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile: (866) 596-9003
E-Mail: bill@wfhlegal.com

Abraham Kleinman, Esq. (AK-6300)
KLEINMAN, LLC
626 RXR Plaza
Uniondale, NY 11556-06265
Telephone: (516) 522-2621
Facsimile: (888) 522-1692
E-Mail: akleinman@kleinmanllc.com

*Attorneys for Plaintiff, Yekusiel Sebrow, and all others similarly situated*

# EXHIBIT "A"

# FULTON FRIEDMAN & GULLACE LLP

## COLLECTIONS, CONSULTING & LITIGATION

**NEW YORK**
28 E. MAIN STREET, SUITE 500
ROCHESTER, NEW YORK 14614

**TELEPHONE**
(866) 563-0809
Please direct all inquires to Tom McCarthy

**ARIZONA**
2345 E THOMAS RD
SUITE 460
PHOENIX, ARIZONA 85016

YEKUSIEL SEBROW
506 JARVIS AVE
FAR ROCKAWAY NY 11691-5426

June 14, 2010

Re: CREDITOR: FIA CARD SERVICES, NATIONAL ASSOCIATION
TOTAL DUE: $10150.82    FILE NO: 249929

Your unpaid account referred to above has been referred to our office for collection. Disregard of this notice may result in the commencement of legal proceedings against you for collection of this debt. Note that if a lawsuit is commenced, the Court may assess additional charges for the court costs and other expenses of the lawsuit.

**At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this claim or any portion thereof, this office will assume this debt to be valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

**THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Very truly yours,
FULTON, FRIEDMAN & GULLACE LLP

FF#: 249929

---

YEKUSIEL SEBROW    249929
506 JARVIS AVE
FAR ROCKAWAY NY 11691-5426

*If you wish to make payment via credit or debit card, please complete this form and return the same to our office at the above address. You may also call us to make payment over the telephone.*

Type of Card: ___ Mastercard ___ Visa ___ Discover

Credit/Debit Card No.: ___ ___ ___ - ___ ___ ___ ___ - ___ ___ ___ ___ - ___ ___ ___ ___    Expiration Date: ___/___/___

Name on Card: _____    CID# _____ (see back of card in signature area)

Signature of Cardholder: _____    Date: ___/___/___    Amt Paid: $ _____