# FULTON FRIEDMAN & GULLACE, LLP

### Collections, Consulting & Litigation

Licensed in Arizona, California, District of Columbia, Maryland, New York, Pennsylvania, Tennessee & Texas

| | | |
|---|---|---|
| NYC Department of Consumer Affairs Licenses: 1328139, 1344745 & 1344741 | Telephone (866) 563-0809 NEW YORK 28 E. Main Street, Suite 500 Rochester, New York 14614 | Jason P. Verhagen, Esq. Direct Dial (585) 563-9713 |

February 14, 2011

Hon. Dora L. Irizarry
United States District Court
225 Cadman Plaza East
Brooklyn, NY  11201

RE:    Yekusiel Sebrow v. Fulton, Friedman & Gullace LLP
         Case No.:  10- 05897

Dear Judge Irizarry:

I represent Fulton, Friedman & Gullace, LLP, the Defendant in the above referenced action brought by Yekusiel Sebrow.  Pursuant to Local Rules IV.A.2 and 3, please allow this letter to serve as Defendant's request for a pre-motion conference.  Defendant intends to move for summary judgment upon its compliance with these rules.

**Factual Background:**

The facts of this case are During July, 2007, Plaintiff entered into a credit card agreement with FIA Card Services, N.A.  Plaintiff then used said credit card for purchases and or cash advances.  Subsequently, Plaintiff defaulted on his payment obligations.  As a result of this default, on June 10, 2010, FIA Card Services, N.A., through a third party servicer, referred Plaintiff's debt to the Defendant for collection. On June 14, 2010, the letter referenced in Plaintiff's complaint (Exhibit A) was sent to the Plaintiff by the Defendant.

The letter contains the notices and disclosures required under the Federal Fair Debt Collection Practices Act (hereinafter 'FDCPA') as well as two statements that are relevant to the case at bar.  First, directly under the Defendant's telephone number, the letter states "Please direct all inquiries to Tom McCarthy." This phrase was included to comply with the New York City Administrative code. Second, the second paragraph of the letter states, in bold print "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.  However, if you fail to contact this office, our client may consider additional remedies to recover the balance due."

Defendant was unable to collect the amount due from the Plaintiff and, as a result, on August 18, 2010, Defendant filed suit against the Plaintiff in New York City Civil Court, Queens County.  On September 16, 2010, the Plaintiff was served with the law suit and on October 5, 2010, Plaintiff joined the issue by filing

and serving an answer.  The matter was scheduled for appearance on November 15, 2010 in Civil Court.  The Plaintiff failed to appear as scheduled and the matter was referred to the Inquest Clerk. The Defendant is preparing to file an application for judgment accordingly.

On or about December 27, 2010, Plaintiff served the Defendant with a summons and complaint commencing the action at bar.

**Basis For Motion:**

As with most FDCPA cases involving demand letters, this case turns entirely upon the interpretation of a single phrase in a single letter.  Specifically, the question that will be raised in Defendant's motion is whether the inclusion of Tom McCarthy's name on the Defendant's letterhead as a person to whom inquiries should be directed, deceptively suggested mislead Plaintiff to believe that Mr. McCarthy is an attorney.  Defendant maintains that such an interpretation is utterly unreasonable and without any basis in fact.  Note that Defendant admits the contents of the letter as well as the fact that Tom McCarthy is not an attorney.  Defendant simply denies that anything in the letter suggests that Mr. McCarthy is an attorney.

This appears to be a case of first impression nationally however, there are several precedents that provide guidance as to the notion of a reasonable interpretation of the contents of a demand letter.  In *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, (2nd Cir. 2005), a letter nearly identical to that sent by the Defendant in the case at bar was reviewed by the Court.  That case followed the reasoning in *Cloman v. Jackson*, 988 F.2d 1314 (2d Cir. 1993) by holding that a properly worded and prominently displayed disclaimer in a demand letter could counter a consumer's otherwise reasonable belief that an attorney was involved in the consumer's case.  Based upon the Greco precedent, the Defendant includes an identical disclaimer in its initial demands.   As noted in Plaintiff's complaint, this notice states "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.  However, if you fail to contact this office, our client may consider additional remedies to recover the balance due."

The Plaintiff wishes the Court to determine that, despite this disclaimer, the inclusion of a person to contact on the letterhead would lead a consumer to believe that the person named is an attorney.  In effect, the Plaintiff attempts an end run around the clear disclaimer as to attorney involvement and suggests that, once again, because the letter is from a law firm, any employee specifically named on the letter could be construed to be an attorney.  This flies in the face of the language in *Cloman:  v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) "protect[ing] debt collectors against liability for unreasonable misinterpretations of collection notices." *Id* at 1319.

There is a line of cases in the Eastern District of New York that discusses the issue raised in this case. In *Rumpler v. Phillips & Cohen Associates, Ltd.*, 219 F.Supp 2d 251 (E.D.N.Y. 2002), the Court considered a demand letter that was undersigned by Adam S. Cohen, Esq., Executive Vice President. The Plaintiff alleged that because the letter included the foregoing signature line (although not actually signed by Mr. Cohen), she was misled into thinking that Mr. Cohen was involved in her case as an attorney.  The Court

held that, to the contrary, since the letterhead contained no reference to a law firm or any other indicia of legal action, the fact that Mr. Cohen placed 'Esq.' after his name would not lead "the 'least sophisticated consumer' to reasonably interpret the Letter as having been issued by an attorney." *Id* at 257.  Thus, even the inclusion of a clear indication that Mr. Cohen is an attorney was insufficient to suggest that he was acting in that capacity.  The Court noted that in Cloman, the letter bore the signature line "P.D. Jackson, Attorney At Law, General Counsel" and that it could not be interpreted as being from anyone but an attorney.

In *Tromba v. M.R.S. Associates, Inc.*, 323 F.Supp. 2d 424 (EDNY 2004), the correspondence in question was undersigned by 'Bob McCoach' with a title of 'Senior Legal Associate'.  Although only dicta, the Court took specific notice that it "harbored grave doubts as to whether any reasonable trier of fact, even under the least sophisticated consumer standard, could conclude that "Senior Legal Associate" was equivalent with 'attorney at law" or "lawyer". *Id* at 428.

The difficulty with Plaintiff's interpretation is that it selectively segregates sections of Defendant's letter in a futile attempt to create an illusion of noncompliance with the FDCPA rather than reading the letter as whole. When reading the entire contents of the letter it becomes clear, even to the least sophisticated consumer, that Defendant's letter does not falsely imply that Tom McCarthy is an attorney.

The letter is not signed by Mr. McCarthy, it does not follow his name with a title or other indicia of bar admission (eg. J.D., Esq., etc.), it does not state that he either prepared, read or reviewed the letter.  It simply states that inquiries should be directed to his attention.  His name is given no particular prominence or weight other than being listed towards the top of the letter. Moreover, the disclaimer included in Defendant's letter clearly advises even the least sophisticated consumer that Tom McCarthy's level of involvement is not that of an attorney.  Finally, the only reason for the inclusion of Mr. McCarthy's name on the letter was to comply with New York City's Administrative Code (§20-493.1(iv)). Thus, Plaintiff's interpretation both ignores the specific language of the letter as well as any sense of logic.

Rather than looking to the language actually contained in the letter, the Plaintiff herein simply ignores the plain language of the letter and asserts an interpretation that could only be found by stretching any standard of reasonableness to its breaking point.  The Court should find that such an interpretation is factually unsupportable and should grant Defendant's motion for summary judgment.  In the meantime, Defendant requests an immediate pre-motion conference in order to quickly move this case to resolution.

                Very truly yours,
                Fulton Friedman & Gullace LLP

                <u>/s/ Jason Verhagen</u>
                Jason Verhagen