# Law Office of William F. Horn

188-01B 71st Crescent
Fresh Meadows, New York 11365
Telephone: 718.785.0543
Facsimile: 866.596.9003
bill@wfhlegal.com

February 28, 2011

Hon. Dora L. Irizarry, U.S.D.J.
UNITED STATES DISTRICT COURT
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    *RE:*    ***Sebrow, et al. v. Fulton, Friedman & Gullace, LLP***
             E.D.N.Y. Case No. 1:10-cv-05897-DLI-RER

Dear Judge Irizarry,

I am co-counsel for the Plaintiff. I am writing pursuant to Your Honor's Individual Practice Rule IV.A.3., and pursuant to Your Honor's Order entered on February 23, 2011, directing Plaintiff to respond to Defendant's request for a pre-motion conference for leave to file a Motion for Summary Judgment [Doc. 7]. For the reasons set forth below, the Defendant's request for leave to file Rule 56 Motion for Summary Judgment is premature and should, therefore, be denied.

## Factual Allegations in Plaintiff's Complaint

On December 17, 2011, Plaintiff filed this putative class action complaint alleging, *inter alia*, that Defendant, a debt collection law firm, sends thousands of mass-produced, computer-generated, collection letters to consumers that contains only one person's name -- "Tom McCarthy" -- at the top of its law firm letterhead, provides a telephone number, and lists a New York office address. [Doc 1 at ¶¶25-27; 39]. These collection letters falsely imply that Mr. McCarthy is a licensed attorney and they further instruct consumers to "direct all inquiries (i.e. legal and non-legal questions) to Tom McCarthy" at the telephone number listed. [*Id.* at ¶¶27-29]. It is on this factual backdrop that the Defendant's mass-produced "attorney" collection letters then go on to convey the following legal threats to Plaintiff and other consumers:

    (1)    "Disregard of this notice may result in the commencement of legal proceedings against you for collection of this debt;" and

    (2)    "…if a lawsuit is commenced the Court may assess additional charges for the court costs and other expenses of the lawsuit."

[Doc 1, ¶¶ 30-31]. Based upon the foregoing facts, threats of negative legal consequences, and the identification of Mr. McCarthy as an attorney, Plaintiff believed that Mr. McCarthy was a licensed

Hon. Dora L. Irizarry, U.S.D.J.
*Sebrow, et al. v. Fulton, Friedman & Gullace, LLP*
February 28, 2011
Page 2

attorney who had either drafted the collection letter or authorized it to be sent on his behalf. [Doc 1, ¶¶ 30-31]. Based upon all the foregoing, Plaintiff further believed that the creditor of the alleged debt was proceeding more aggressively as it had now incurred the expense of hiring a law firm, who indicated that "legal proceedings" may be "commenced" and that "the Court may assess additional charges for the court costs and other expenses of the lawsuit." [Doc 1, ¶32-34; 36]. Finally, Plaintiff alleges that Defendant intended its computer-generated collection letters imply a heightened severity over dunning letters from "non-attorney" collection companies and that the least sophisticated consumer react with a commensurate level of alarm and concern. [Doc 1, ¶38].

In reality, Mr. McCarthy is a not an attorney; nor does he live or work in the State of New York. [Doc 1, ¶¶28-29; 35]. Mr. McCarthy could be a convicted felon; yet, his name sits prominently perched, alone, at the top of a New York law firm's letterhead without any disclosure or warning to unsuspecting consumers. In further reality, <u>all</u> telephone calls placed to the number listed on the Defendant's letter are answered by McCarthy and other non-attorney debt collectors staffed by Defendant at an undisclosed "telephone call center" in the State of Maryland. [Doc 1, ¶35].

In sum, Plaintiff's complaint alleges that Defendant is engaged in sending mass-produced, computer-generated, collection letters to consumers, which make false, deceptive, and misleading representations that any person is an attorney or that any communication is from an attorney, in violation of 15 U.S.C. §1692e(3). [Doc 1, ¶¶2-3; 39; 41-44]. Defendant sends these deceptive letters in an effort to frighten consumers into immediately paying alleged debts. [Doc 1, ¶38].

### Defendant's "Admissions"

On January 21, 2011, the Defendant filed an Answer to Plaintiff's Complaint. [Doc. 3]. In its Answer, Defendant denies 61% of Plaintiff's material factual allegations. [Doc. 3 at ¶¶2-3 *cf.* Doc. 1 at ¶¶17-45]. In short, Defendant admits that: Plaintiff is alleged to owe a defaulted financial obligation [Doc. 3, ¶4 *cf.* Doc. 1, ¶¶17;19]; Defendant mailed the letter attached to the Complaint, which is a "communication" as defined by the FDCPA [Doc. 3, ¶4 *cf.* Doc. 1, ¶¶23; 25-26]; the contents of its letterhead [Doc. 3, ¶4 *cf.* Doc. 1, ¶27]; Tom McCarthy is not an attorney [Doc. 3, ¶4 *cf.* Doc. 1, ¶28]; the contents of the first paragraph its letter [Doc. 3, ¶4 *cf.* Doc. 1, ¶¶30-31]; and that Plaintiff received the letter [Doc. 3, ¶4 *cf.* Doc. 1, ¶37].

### Current Case Disposition

On February 8, 2011, the Court held a Rule 16 Conference at which time Defendant's counsel argued that, in view of its Answer, the facts of this case were not disputed and, therefore, the Court should not permit discovery. The Court disagreed with Defendant and entered an appropriate scheduling order permitting a 90 day discovery period. [See, Minute Entry dated 2/8/2011]. On February 10, 2011, Plaintiff served two notices of deposition -- one for Mr. McCarthy, and one for Defendant's Fed. R. Civ. P. 30(b)(6) witness; Defendant objected to both on the basis of the date. On February 11, 2011, Plaintiff served amended notices of deposition changing the dates to those requested by Defendant; this time, Defendant filed motions to quash. [Docs. 8 and 9].

On February 18, 2011, the Court held a telephone conference regarding Defendant's motions to quash. During the conference, Defendant's counsel again argued that, in view of its Answer, the

Hon. Dora L. Irizarry, U.S.D.J.
***Sebrow, et al. v. Fulton, Friedman & Gullace, LLP***
February 28, 2011
Page 3

facts of this case were not disputed and, therefore, the Court should not permit discovery. Defendant further advised the Court of its pending request for a pre-motion conference. The Court denied Defendant's motions to quash and, in doing so, noted Plaintiff's need for discovery was *especially* important in light Defendant's expressed desire to move for <u>summary judgment</u>. [See, Minute Order dated 2/23/2011]. At that hearing, Plaintiff's counsel indicated Plaintiff would soon seek leave to file a motion to amend his complaint to add new claims and parties; Defendant did not object.

### **<u>Defendant's Pre-Motion Conference Letter</u>**

Defendant's letter request for a pre-motion conference contends that summary judgment is appropriate for the following reasons: (1) the facts are not disputed; and (2) there is a single legal issue to be decided (i.e., whether there is "anything in the letter suggests that Mr. McCarthy is an attorney" [See, Doc. 7 at Pg. 2, ¶3]). Each contention is discussed below.

With respect to Defendant's first contention, the Court has already determined that discovery is both appropriate and needed. [See, Minute Orders dated 2/8/2011 and 2/23/2011]. Moreover, Defendant's own pre-motion conference letter devotes nearly its entire "Factual Background" to spinning new <u>facts</u> that are not alleged in any pleading presently before the Court. [See, Doc. 7 at Pg. 1, ¶¶2-4 *cf.* Docs. 1 and 3]. Accordingly, Plaintiff respectfully requests that the Court accept this letter as his request for relief under Fed R. Civ. P. 56(d) for leave to complete discovery.

With respect to Defendant's second contention, it is important to note that if this were a simple "legal" issue with uncontested facts as suggested by Defendant, then it could have simply filed a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss -- long ago and without leave of Court (*See*, Chamber Rule IV.A.4). Moreover, the cases cited by Defendant are inapposite to, and distinguishable from, the facts and claims at issue here. For example, in *Greco v. Trauner, Cohen & Thomas, L.L.P.*, the collection letter was unsigned, simply stated that the account had been placed for collection, provided a telephone number, the consumer's rights under 15 U.S.C. §1692g(a), and a disclaimer that no attorney had reviewed the account. By contrast, the letter at issue here contains several extraneous threats of legal consequences, and is on law firm letterhead listing Mr. McCarthy as the sole person to whom to direct "all inquiries." Defendant's reliance on *Rumpler v. Phillips & Cohen Associates, Ltd.*, 219 F. Supp. 2d 251 (E.D.N.Y. 2002) and *Tromba v. M.R.S. Associates, Inc.*, 323 F.Supp. 2d 424 (EDNY 2004) is also misplaced as both cases involved letters from non-attorney debt collectors. Defendant has also failed to cite substantial contrary case authority.

In light of the foregoing, Defendant's request for a pre-motion conference should be denied without prejudice to renewal at the close of the discovery period. Alternatively, Plaintiff requests leave to file his amended complaint.

Very truly yours,
*s/William F. Horn*
William F. Horn
*via ECF Filing Only*
cc:       All Counsel of Record *via ECF Filing*