```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK



------------------------------X
                              :
YEKUSIEL SEBROW,              :
et al.,                       :     10-CV-5897 (DLI)(RER)
              Plaintiff,      :
                              :     February 18, 2011
                              :
          V.                  :     Brooklyn, New York
                              :
FULTON, FRIEDMAN & GULLACE,   :
LLC, et al.,                  :
              Defendant.      :
------------------------------X


         TRANSCRIPT OF CIVIL CAUSE FOR CONFERENCE
         BEFORE THE HONORABLE RAMON E. REYES, JR.
              UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:          ABRAHAM KLEINMAN, ESQ.
                            WILLIAM HORN, ESQ.




For the Defendant:          JASON VERHAGEN, ESQ.




Audio Operator:



Court Transcriber:          ARIA TRANSCRIPTIONS
                            c/o Elizabeth Barron
                            375 Salt Point Turnpike, #5D
                            Poughkeepsie, NY 12603
                            (215) 767-7700



Proceedings recorded by electronic sound recording,
transcript produced by transcription service
```

```
 1              THE COURT:  This is Judge Reyes, the case of
 2   Sebrow v. Fulton, Friedman & Gullace, if I'm pronouncing
 3   that correctly, docket number 10-CV-5897.
 4              Who is on the line, please?
 5              MR. KLEINMAN:  Good morning, Abraham Kleinman for
 6   the plaintiff, Kleinman LLC.
 7              MR. VERHAGEN:  Good morning, Your Honor, Jason
 8   Verhagen on behalf of the defendant Fulton, Friedman &
 9   Gullace.
10              THE COURT:  Is there someone else?
11              MR. KLEINMAN:  I believe that should be Mr. Horn.
12              THE COURT:  Come again?
13              MR. KLEINMAN:  That should be Mr. Horn who just
14   beeped in, I think.
15              MR. HORN:  Yes, it is.
16              THE COURT:  Please state your name for the record.
17              MR. HORN:  William Horn, co-counsel for plaintiff.
18              THE COURT:  Okay.  Good morning, gentlemen.
19              We've got a number of things to talk about.
20   First, I think the easiest one is, any reason why I
21   shouldn't grant the motion of Mr. Salman to withdraw?
22              MR. KLEINMAN:  Your Honor, this is Abraham
23   Kleinman for the plaintiff speaking, and I think Mr. Salman
24   is necessary to the case.  He is the attorney for defendant.
25   He has filed their answer.  More importantly, he evidences
```

```
 1  and shows that defendant's lawyer is within this district.
 2            And if he were to withdraw and if he would be
 3  allowed to withdraw, it would be an abuse of the Court to
 4  allow him to be here as an answering/filing service without
 5  any materiality.
 6            THE COURT:  I don't know what you mean by that.
 7            MR. KLEINMAN:  That he's here for the limited
 8  purpose of filing answers for the defendant in the case.
 9            THE COURT:  I assume Mr. Verhagen is admitted to
10  practice law in the State of New York, correct?
11            MR. VERHAGEN:  Yes, Your Honor.
12            THE COURT:  Are you admitted to practice in this
13  District?
14            MR. VERHAGEN:  Yes, I am, Judge.
15            THE COURT:  All right.
16            Mr. Horn, are you a New York lawyer?
17            MR. HORN:  Yes, I am, Your Honor.
18            THE COURT:  Are you admitted to practice in the
19  Eastern District?
20            MR. HORN:  Yes, Your Honor.
21            THE COURT:  All right.  You haven't made notice of
22  appearance yet, have you?
23            MR. HORN:  I think I may have, Your Honor.  I'd
24  have to take a look back.  I'm sorry, I'm just not at my
25  desk right now.
```

```
 1              THE COURT:  I see one for Mr. Verhagen, I don't
 2   see one for Mr. Horn.
 3              MR. HORN:  I think I -- I'm trying to remember,
 4   Your Honor.  I believe I'm on the complaint on this case, so
 5   let me --
 6              MR. KLEINMAN:  He is on the complaint, Judge.
 7              THE COURT:  He is on the complaint?
 8              MR. KLEINMAN:  Yes, Your Honor.
 9              THE COURT:  All right.
10              You still need to file a notice of appearance,
11   okay?  So you'll do that.  That way, you'll get on the
12   docket sheet and you'll get all the ECF bounces.
13              There's a separate issue, though, of whether --
14   your firm has been sued.
15              MR. VERHAGEN:  Yes, Your Honor.
16              THE COURT:  And it's a limited liability
17   partnership.  Can a limited liability partnership represent
18   itself -- and I haven't done the research and I don't know
19   -- by a member of the firm?
20              MR. VERHAGEN:  I'm not aware of any restrictions
21   that we shouldn't be able to represent ourselves, Judge.
22              MR. KLEINMAN:  Your Honor, this is plaintiff
23   speaking and I have some bad news for plaintiff.  I've
24   undertaken the research and I'm afraid the defendant may
25   represent itself.  It may get a little hairy because we're
```

```
 1  going to be seeking to amend the complaint, with the Court's
 2  permission, and my learned adversary will be named as a
 3  defendant as well, predicated on new information we've
 4  learned from our client, due to recent events, two days ago.
 5            THE COURT:  Hold on, hold on, one second, one
 6  thing at a time.
 7            Mr. Horn, I notice actually you are on the docket
 8  sheet.
 9            MR. HORN:  Yes, I am, Your Honor.  I was about to
10  interrupt and say that.
11            THE COURT:  But you're under the plaintiff.
12            MR. HORN:  Correct.
13            THE COURT:  So you need to be under defendant.
14            MR. HORN:  No, I'm representing plaintiff.
15            THE COURT:  Oh, wait.
16            MR. HORN:  I'm co-counsel for the plaintiff.
17            THE COURT:  I'm sorry, I thought you were with Mr.
18  Verhagen.
19            MR. HORN:  No, that's okay, Your Honor.
20            THE COURT:  Okay, all right, no, we're good.  I
21  got it, my mistake.
22            Mr. Kleinman, you're going to sue Mr. Verhagen
23  now?
24            MR. KLEINMAN:  Yes, we're going to be naming
25  additional defendants in the amended complaint, should the
```

```
 1  Court give us permission to amend our complaint, predicated
 2  on the new information.
 3          THE COURT:  Under what basis?  What is the basis?
 4  What happened two days ago?
 5          MR. KLEINMAN:  There was a court date for the
 6  underlying debt that forms this case, and plaintiff credit
 7  card company represented by Fulton, Friedman did not appear,
 8  and I am told the judge has dismissed the case.
 9          That dovetails into our essential claim, which
10  would become evident in the amended complaint, that
11  defendant Fulton, Friedman & Gullace, LLP is nothing more
12  than a collection agency that will file summons and
13  complaints against consumers in New York without any
14  materiality, in the hopes of default judgments.  And when a
15  plaintiff or defendant in a credit card case does appear,
16  the case goes by the wayside.
17          THE COURT:  Okay, but that doesn't -- that doesn't
18  -- does that affect Mr. Salman's withdrawal?
19          MR. KLEINMAN:  Well, then -- if Mr. Verhagen
20  becomes a defendant, then they may be ultimately without
21  counsel.
22          THE COURT:  If you name the members of the firm
23  individually is what you're saying --
24          MR. KLEINMAN:  Yes.
25          THE COURT:  -- those lawyers can represent
```

```
 1   themselves but they cannot represent the limited liability
 2   partnership.  Is that your point?
 3             MR. KLEINMAN:  I believe it is, Your Honor.
 4             THE COURT:  Well, that hasn't happened yet.  I'm
 5   granting Mr. Salman's motion to withdraw.  If somebody needs
 6   to appear at some point in time on behalf of the partnership
 7   other than the individual members of the firm, I'm sure they
 8   will get counsel.
 9             All right, now --
10             MR. KLEINMAN:  Thank you, Judge.
11             THE COURT:  -- let's move to other issues.  There
12   two motions, one to quash the notice of deposition of Tom
13   McCarthy, and the other is to quash a 30(b)(6) notice.  Why
14   don't we deal with Mr. McCarthy?
15             It's your motion, Mr. Verhagen; go ahead.
16             MR. VERHAGEN:  Yes, Your Honor.  Well, as stated
17   in the letter, first, Mr. McCarthy should have been
18   subpoenaed as a nonparty witness, but we did accept the
19   notice of deposition.
20             THE COURT:  I thought you told me when we had the
21   initial conference that he was an employee of the firm.
22             MR. VERHAGEN:  He is, Judge.
23             THE COURT:  If he's an employee of the firm, then
24   why is he -- why does he have to be served by a subpoena and
25   not a deposition notice?  Isn't an employee of the firm
```

```
 1  within the firm's control?
 2              MR. VERHAGEN:  Yes, they are, Judge, and we did
 3  accept it.
 4              THE COURT:  All right.
 5              MR. VERHAGEN:  Just on the grounds that he's not
 6  an officer or director in the firm.  But that aside, Your
 7  Honor, Mr. McCarthy really has nothing to add by a
 8  deposition.  The allegations in the complaint revolve around
 9  his name appearing in the heading of a letter, a letter that
10  we have admitted in our answer that he is not an attorney
11  and that he didn't draft the letter.
12              So a deposition seeking information from Mr.
13  McCarthy with regard to training and supervision, policies
14  and procedures, is unduly burdensome.  There's no purpose
15  for a deposition of Mr. McCarthy.  Even if his testimony is
16  tangentially relevant, it's duplicative of the 30(b)(6)
17  witness who was noticed for a deposition, who is going to be
18  Mr. Friedman, who would be best suited to answer those
19  questions.
20              Also, there is the issue with regard to the
21  location of this deposition.  He cannot be compelled to
22  appear in New York, when he lives and works in Maryland.
23  The general presumption is that a defendant or nonparty
24  witness shall be deposed --
25              THE COURT:  At his place of business or residence,
```

```
 1  yeah.  All right, look, that's the only compelling argument,
 2  in my mind, but it's not a reason to quash anything.  It's a
 3  reason to direct that the deposition be held in the county
 4  where he resides or works.
 5           Mr. Kleinman, Mr. Horn, why can't you go down to
 6  Maryland to take his deposition?
 7           MR. KLEINMAN:  Well, Mr. McCarthy, Your Honor,
 8  is --
 9           THE COURT:  Or, if you want --
10           MR. KLEINMAN:  I'm sorry.
11           THE COURT:  Or, if you want, do it by telephone,
12  pursuant to the local rules.  If he lives more than a
13  hundred miles away, we permit telephone depositions.
14           MR. KLEINMAN:  If I may digress, Your Honor, we
15  may be getting ahead of ourselves.  If we intend -- if we're
16  allowed, rather, to amend the complaint, then this issue may
17  be mooted, at least for the moment.
18           But Mr. McCarthy is not a resident of Maryland.
19  He is a member of a New York LLP.  And that is the basis --
20  and the only possibility, according to the research we have,
21  is either in Rochester, New York, or more likely, in the
22  Eastern District of New York.  But Mr. McCarthy doesn't have
23  any -- he's not being sued as an individual, he is being
24  sued, oddly enough, as a member of a New York LLP, who
25  happens to be in Maryland.
```

1    THE COURT:  I didn't know Mr. McCarthy himself was
2 being sued.  Is he one of the John Does?
3    MR. KLEINMAN:  He may or may not be, but he is
4 part of the LLP of a New York entity.
5    THE COURT:  Is he a partner?  I mean, he can be an
6 employee.  Partnerships can have employees.  He's not a
7 member.  You don't know that.
8    MR. KLEINMAN:  But the corporation is what we're
9 looking to, and they are based in the State of New York.
10 That's a corporate setup.
11    THE COURT:  Corporations have offices -- and this
12 is a limited liability partnership, not a corporation.  But
13 corporations have partnerships -- have offices -- can have
14 offices all over the country.  And if you sue a New York
15 corporation and there's an employee that lives and works in
16 California, the law is that you take a witness' deposition
17 where they reside or work.
18    There's no obligation to bring them all the way
19 here to New York to have their deposition taken.  You have
20 to go there or, as the local rule says, if they live more
21 than a hundred miles away, you can do it by telephone.  So
22 your option is, do you want to do it by telephone or do you
23 want to go down to Maryland?
24    MR. KLEINMAN:  I think we'll visit Maryland,
25 Judge.

1    THE COURT:  Okay.  I'm denying the motion to
2 quash.  His deposition will be taken in Maryland.
3    Now, that leaves the 30(b)(6).  What's the problem
4 with that?
5    MR. VERHAGEN:  Judge, this one is a bit different.
6 There's also the location of the deposition but we'll get to
7 that secondarily.
8    We have made a request for a pre-motion conference
9 with regard to summary judgment, and the information sought
10 of the 30(b)(6) witness is not implicated with regard to
11 summary judgment.
12    THE COURT:  Let me ask you a question.  I'm not
13 trying to be snippy here.  How often do you practice in
14 Brooklyn, in the Brooklyn federal court?
15    MR. VERHAGEN:  I just got admitted the day before
16 my first court appearance before you, Your Honor.
17    THE COURT:  It is our standard practice, at least
18 the magistrate judges in this Court, and for the most part
19 the district judges, too, to not delay discovery during the
20 pendency of a dispositve motion because, in the event that
21 the motion is denied, we go back to the drawing board.  So
22 we don't want to delay things.  We don't have a rocket
23 docket but we like to keep things moving as quickly as we
24 can.
25    MR. VERHAGEN:  Yes.

```
 1            THE COURT:  So I'm disinclined to quash the
 2   30(b)(6) notice because of that standard practice.  If the
 3   person who is going to be deposed or put forth as a 30(b)(6)
 4   witness is in Timbuktu, I'll send Mr. Kleinman and Mr. Horn
 5   to Timbuktu to take the deposition.
 6            MR. KLEINMAN:  I've been there, Judge.
 7            THE COURT:  Or they can do it by telephone.  I
 8   don't think these depositions are going to be incredibly
 9   lengthy or difficult.  Mr. Kleinman and Mr. Horn have to pay
10   for the court reporter.  They're taking the depositions,
11   it's their expense.  It's not big deal.  You know, this is a
12   law firm that's being sued, so you folks know how to defend
13   depositions.  Been there, done that.  I don't see the big
14   burden.
15            Even if it's -- you convince Judge Irizzary that
16   you should go ahead with the motion and you win the summary
17   judgment motion, case is over, all you've lost is, you know,
18   a couple hours, a few hours of your time.  No big deal.
19            MR. VERHAGEN:  Okay, Your Honor.
20            THE COURT:  All right.
21            MR. VERHAGEN:  I understand, and that's fine,
22   Judge.  Then I guess we'll move on to that he's in Arizona,
23   lives in Arizona and works in Arizona.
24            THE COURT:  I hear we're going to get some cold
25   weather next week.  I'm sure Mr. Kleinman and Mr. Horn would
```

```
 1  love to go to Arizona.
 2              MR. KLEINMAN:  The problem is, Judge, I freckle.
 3              THE COURT:  Well, bring your sun screen.
 4              MR. KLEINMAN:  Just as a final matter, if I might,
 5  Your Honor, we're going to, as I stated, seek to amend our
 6  complaint, which may really change the landscape of the
 7  discovery schedule.  I was wondering if we can, orally or in
 8  writing, seek permission to amend our complaint.
 9              THE COURT:  I need to see that in writing and I
10  want to give Mr. Verhagen a chance to respond to it before I
11  rule on the issue, all right?
12              MR. KLEINMAN:  Fair enough.
13              THE COURT:  So you'll file your pre-motion letter
14  whenever you want.  Under my rules, there's four days to
15  respond, and then I'll take a look at it.
16              MR. KLEINMAN:  Very good, Judge.
17              THE COURT:  Anything else, gentlemen?
18              MR. KLEINMAN:  Not from plaintiff's perspective.
19              MR. VERHAGEN:  No, Your Honor.
20              THE COURT:  All right, have a great weekend.
21              MR. KLEINMAN:  Thank you, Judge.
22              THE COURT:  You're welcome.
23                       * * * * * * * *
24
25
```

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18     I certify that the foregoing is a correct transcript
19  from the electronic sound recording of the proceedings in
20  the above-entitled matter.
21
22
23  [signature]
24
25  ELIZABETH BARRON                        September 1, 2011
```