```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF NEW YORK


YEKUSIEL SEBROW,              *    Case No. 10-CV-5897 (DLI)
                              *
          Plaintiff,          *    Brooklyn, New York
                              *    May 25, 2011
    v.                        *
                              *
FULTON, FRIEDMAN & GULLACE,   *
LLP,                          *
                              *
          Defendants.         *
                              *
* * * * * * * * * * * * * * *

      TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
          BEFORE THE HONORABLE RAMON E. REYES, JR.
              UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:             ROBERT L. ARLEO, ESQ.
                               165 Sunset Park Road
                               Haines Falls, NY  12436

                               ABRAHAM KLEINMAN, ESQ.
                               Kleinman, LLC
                               626 RSR Plaza
                               Uniondale, NY  11556


For the Defendants:            CYNTHIA FULTON, ESQ.
                               Fulton Friedman & Gullace LLP
                               2345 E. Thomas Road, Ste. 460
                               Phoenix, AZ  85016




Proceedings recorded by electronic sound recording,
transcript produced by transcription service.
```

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

2

1          (Proceedings commenced at 10:02 a.m.)
2                THE COURT:  This is Judge Reyes in the case of
3      Sebrow versus Fulton, Friedman & Gullace, 10-CV-5897.  Who's
4      on the line?
5                MR. ARLEO:  Good morning, Your Honor.  Robert
6      Arleo, co-counsel for Plaintiff.
7                MR. KLEINMAN:  As well Abraham Kleinman for the
8      plaintiff as well, Your Honor.  Good morning.
9                MS. FULTON:  And Your Honor, I'm Cynthia Fulton on
10     behalf of Fulton, Friedman & Gullace.
11               THE COURT:  Mr. Horn's not on the line?
12               MR. ARLEO:  He is not this morning, Your Honor.
13               THE COURT:  Okay.  All right.  We have two issues
14     to discuss.  First issue is the amendment or proposed
15     amendment of the complaint to add a number of people,
16     individuals, employees of Fulton, Friedman & Gullace or
17     principals or what have you.
18               And I have an idea of what I want to do, but I'll
19     give you the opportunity to make any statements beyond what
20     you've already made in your letters.
21               MR. ARLEO:  Your Honor, Robert Arleo.  I do have
22     Ms. Fulton's letter to the Court of May 20th concerning the
23     14,000 lawsuits and will reiterate again that our research
24     indicates 14,000 lawsuits within the class period and that's
25     where they were counsel for plaintiffs and no defense

1    counsel.  So there's a disagreement on that, but I just want
2    to reassert notwithstanding Ms. Fulton's assertion in her
3    letter, we stick to the 14,000.
4            THE COURT:  Who is it that you seek to add as named
5    defendants?
6            MR. ARLEO:  Well, the amended complaint, I
7    believe -- Abraham, do you have a copy with you?
8            MR. KLEINMAN:  I'm pulling it out as we speak.
9            MR. ARLEO:  Okay.
10           MR. KLEINMAN:  But it's, Your Honor, loosely the
11   named partners of the firm.
12           THE COURT:  Hold on just one second.
13           MS. FULTON:  I don't believe -- this is Cynthia
14   Fulton, Your Honor.  I don't believe that's true.
15           MR. ARLEO:  I have to pull that up.  I'm speaking
16   off-hand.
17           THE COURT: 1058.  Hold on.  Is -- okay.  Has the
18   amended complaint been provided?  Because I don't remember
19   seeing it.
20           MS. FULTON:  It has not, Your Honor.
21           THE COURT:  Well, that's -- that's -- that's -- I
22   know that the letter was phrased as a -- or written as a pre-
23   motion letter so I would assume that the plaintiffs
24   contemplated a formal motion where the amended complaint
25   would be provided for the Court's review.  Have you given a

1     copy to Ms. Fulton?

2           MS. FULTON: They have not, Your Honor.

3           THE COURT: All right. I understand the theory

4     behind amending the complaint and I agree that there is a

5     basis for individual liability under the FDCPA for people who

6     are personally involved in the debt collection at issue.

7           I'm just wondering what the basis is for the

8     contention that the proposed defendants are personally

9     involved in the debt collection at issue.

10          MR. ARLEO: Your Honor, Robert Arleo. I think in

11    the conjunction of a small firm such as this, the argument is

12    that they had better be involved in the personal control of

13    their firm and the fact that -- and that's kind of a double-

14    edged sword here 'cause we're alleging that they're not in

15    conjunction with the lawsuits.

16          But as attorneys, I think they're deemed

17    responsible to all of the policies that they're using so that

18    would be the basis of that.

19          I mean, we're not talking about -- you know, about

20    a 500-man Skadden-type of law firm where we've attempted to

21    name all the partners.

22          This is a collection law firm that has five

23    attorneys associated with it, so there's a good enough basis

24    to allege that they are the ones controlling this violative

25    policies and practices.

1          THE COURT:  Well, other than the five attorneys,
2     who do you seek to add?
3          MR. ARLEO:  I didn't -- again, I just came in on
4     the case the other day.  Abraham, who else would -- do we
5     already have Mr. McCarthy as a defendant?
6          MR. KLEINMAN:  I'm having a little trouble locating
7     the draft complaint.
8          THE COURT:  Mr. McCarthy is currently not a named
9     defendant.
10          MR. KLEINMAN:  Not at the moment.
11          THE COURT:  No.  So you would have the five
12     attorneys.  You have Mr. McCarthy.  All right.
13          See, I'm at a -- I understand your theory but --
14     and perhaps it would be appropriate in a purported class
15     action of this nature to add the attorneys as defendants
16     because they're the ones controlling the firm, controlling
17     the debt collector, whether they're equity partners or not.
18          I guess certainly the equity partners you would
19     have a basis.  Maybe the non-equity partners is a slightly
20     different issue and you would need a factual basis to say
21     that they are in control or personally involved in the debt
22     collections.
23          But -- and Mr. McCarthy, obviously he's the one who
24     was listed on this letter and perhaps is listed on other
25     letters, so yes, there's a basis.  But you know, what other

employees, I don't know.

And it can't be that you have a sufficient basis at this point to name -- I think you've listed 25 -- you know, one through 25 John Does.

MR. ARLEO: But are they as listed as Doe defendants, Your Honor?

THE COURT: Yes. And if you're going to add --

MR. ARLEO: I think they should --

THE COURT: Go ahead.

MR. ARLEO: -- oh, I'm sorry. I think the issue really is with listing Doe defendants as the quagmire you have of knowing that somebody is responsible for this, but you don't know their exact names so you plead them as Doe defendants and we do that in all the class actions --

THE COURT: Sure.

MR. ARLEO: -- that we file.

THE COURT: Sure. But, I mean --

MR. KLEINMAN: It also becomes more difficult, Your Honor -- this is Abraham Kleinman speaking -- when you have evasive discovery responses.

THE COURT: We'll -- certainly. Certainly. We'll get to that.

MR. KLEINMAN: They dovetail.

THE COURT: Did you -- have the depositions been taken yet?

1      MS. FULTON: No, Your Honor.

2      MR. KLEINMAN: No, Your Honor, they haven't. And
3  then the issue is with the discovery is unfortunately and
4  again we're at an impasse and I respect other peoples'
5  opinions, you know, opposing counsel's opinion, but
6  something -- had it resolved at the first conference that
7  this is -- that our discovery is not limited to the four
8  corners of the allegations of the collection letter.

9      Like, for example, they don't really state whether
10 or not it was a consumer debt, you know, issues that we have
11 to even establish that the FDCPA is involved here.

12     So I think Ms. Fulton, again and we had a meet and
13 confer is sticking to discovery as it's limited to the four
14 corners of the complaint and we just don't think that that's
15 true and that's our sticking point problem.

16     I thought we had that resolved in conjunction with
17 when Your Honor went into the parameters of a deposition what
18 would be proper questions in a deposition, the deposition's
19 the same discovery tool as an interrogatory or a request for
20 documents so we would have the same basis to seek admissible
21 evidence to prove our claim.

22     THE COURT: Have you gotten any documents?

23     MR. KLEINMAN: No. I think the main -- I think the
24 problem here, Judge, and with all due respect to Ms. Fulton,
25 I think she's -- you know, she's got a personal interest

1   because it's her firm and she's been called on to defend them
2   and I respect that and I have to, but I think maybe that's
3   where the problem is coming from whereas if she didn't have
4   such a personal stake here, we wouldn't be having the
5   impasses that we're having.
6         And, you know, I understand the sensitivity of
7   being named as a defendant and having your practices called
8   into question, but you know we're stuck in that area.  So I
9   think that's kind of where we're having the impasse.
10        THE COURT:  Ms. Fulton, you've been itching to say
11  something?
12        MS. FULTON:  I have been.  Your Honor, the
13  complaint as it's laid out is there's -- leaves only one
14  issue and the only piece of paper that's relevant to that
15  issue, to the issue of whether their plaintiff was confused
16  by the letter is the letter itself.
17        I don't -- I cannot fathom what other pieces of
18  paper they think would be relevant or would lead to
19  admissible evidence --
20        MR. ARLEO:  Well, I --
21        MS. FULTON:  -- other than the letter that they've
22  attached to their complaint.
23        MR. ARLEO:  Your Honor, Robert Arleo.  For example,
24  when you're establishing statutory damages under the FDCPA,
25  you've got to show the intent and the frequency and the

1    extent to the amount of time and the whole background of the
2    violation.
3              So it's not just limited and once again, if this
4    was just limited to the perception, the least sophisticated
5    consumer to that letter, these defendants would have gotten
6    permission for summary judgment or 12(b)(6).
7              So it's just -- and again, that's the impasse that
8    we're at and we respectfully disagree with Ms. Fulton.
9              MR. KLEINMAN:  And Abraham Kleinman speaking, Your
10   Honor.  I think we've mentioned --
11             MS. FULTON:  Your Honor --
12             MR. KLEINMAN:  -- that all the conferences that
13   it's not that we complain about the particular text of the
14   letter which we do, but it's that this letter is the end part
15   of a call center operation and of truly a collection agency
16   that's parading around as a law firm.
17             And that's why the consumer's confused because one
18   would logically think that Mr. McCarthy is an attorney and
19   one would actually think that the operation behind the letter
20   is that of a traditional law firm when it's our past
21   practices that's it not.
22             MS. FULTON:  I find that sort of, I guess -- this
23   is Cynthia Fulton -- but I find that sort of backwards.  If
24   they think that this is -- that we are not a law firm or that
25   Fulton, Friedman & Gullace is not a law firm, then how could

1   they name five lawyers?
2           MR. KLEINMAN: Because lawyers can do things that
3   are improper as debt collectors. That's why.
4           MS. FULTON: But that doesn't make us a collection
5   agency. It makes us a law firm.
6           MR. ARLEO: Oh, no. You're a debt collector, Ms.
7   Fulton. That's really it. That's not even in dispute. I
8   mean, you're still subject to the FDCPA.
9           MS. FULTON: I'm not saying we're not subject to
10  the FDCPA. What I am saying is we are a law firm.
11          MR. ARLEO: We don't know what you are.
12          THE COURT: Wait, wait, wait, wait. Time out.
13          MR. ARLEO: And I --
14          THE COURT: Time out. Time out. You've admitted
15  that Fulton, Friedman & Gullace, LLP is a debt collector?
16          MS. FULTON: Subject to the FDCPA. Yes.
17          THE COURT: All right. So if you're operating --
18  if you're operating as a debt collector and your corporate
19  structure is a law firm, wouldn't the equity partners be
20  responsible for the debt collection practices?
21          MS. FULTON: The answer is yes, they're responsible
22  just like the equity partners in any other firm are
23  responsible for the procedures that are used in their law
24  firm.
25          THE COURT: Okay. All right.

1           MR. ARLEO: Your Honor, Robert Arleo. I don't
2    think it goes so much to the fact that they're equity
3    partners. The case law is clear that anyone who controls
4    policies and practices is personally liable.
5           THE COURT: Yes. Yes. No, I --
6           MR. ARLEO: Your Honor --
7           THE COURT: -- I wasn't hinging it on the title
8    equity partner. I was sort of connecting the dots. An
9    equity partner in a law firm --
10          MR. ARLEO: Sure.
11          THE COURT: -- is responsible for what the law firm
12   does because they are personally involved in setting
13   policies, practices and all of that.
14          MR. ARLEO: Sure. Sure.
15          THE COURT: Whether their employee is doing
16   something that they don't really understand or whatever, they
17   hired that person, they set them into a position. They said
18   go ahead and do this work. They're on the hook.
19          So here's what we're going to do this and we're
20   going to do this because Judge Irizarry has made clear she
21   wants discovery to proceed. She wants this case ready for
22   resolution one way or the other. I think there's a good
23   faith basis to amend the complaint to at least add the equity
24   partners and Mr. McCarthy. I don't know.
25          I haven't seen the amended complaint so I don't

1    know who else the plaintiffs want to add.  But you can go
2    ahead and amend the complaint to add the equity partners and
3    Mr. McCarthy as defendants.  Serve them.
4                MR. ARLEO:  Your Honor, Robert Arleo.  Amend the
5    complaint to also add the allegations concerning no
6    meaningful attorney review and the complaint that was filed
7    in the state court was filed without any participation of an
8    attorney, not just to add individuals.
9                THE COURT:  Do you have a good faith basis to make
10   that assertion?
11               MR. ARLEO:  Yes.
12               THE COURT:  What is the good faith basis?
13               MR. ARLEO:  Five lawyers with 14,000 lawsuits and
14   an unverified complaint filed in civil court where the
15   defendants showed up on two occasions and no lawyers for the
16   firm showed up.
17               I think that in and of itself is enough of a basis
18   and also we have an internet posting that we've located
19   whereby they sought unlicensed -- they sought non-attorneys
20   to render legal advice as to whether or not lawsuits should
21   be filed.
22               So clearly the parameters of all those facts
23   demonstrate that they're doing mass filings without any
24   meaningful attorney review.  It's not unknown that these
25   firms do these to get default judgments against consumers.

1  The New York City Department of Consumer Affairs has had to
2  change the New York law.  The Attorney General is going after
3  100 firms for similar service and in regard to this need to
4  get the default judgments --
5              MS. FULTON:  I'm going to object to some of the --
6              MR. ARLEO:  -- and this -- this is --
7              MS. FULTON:  -- it's just -- it's not relevant to
8  what we're -- to the case that's in front of the Court.
9              THE COURT:  Well, the case that's in front of the
10 Court --
11             MR. ARLEO:  Well, it's relevant to the amended
12 complaint --
13             THE COURT:  -- time out.  Stop.  Stop.  The case
14 that's in front of the Court is a purported class action.
15 Right?  For sending out similar letters to other consumers
16 and they're entitled to at the very least go down that road
17 and conduct discovery on that.
18             MS. FULTON:  Your Honor?
19             THE COURT:  Your request to file a summary judgment
20 motion was denied so Judge Irizarry wants this case
21 discovered.  There is -- you know the plaintiffs propose a
22 more broad case on a class action basis and I see that
23 there's at least a good faith basis to go down that road.
24 You know, the fact that -- you're, Ms. Fulton -- you're
25 coming back to --

14

1     MS. FULTON: Attorney --

2     THE COURT: -- your position that you think you get
3 summary judgment based on the letter alone. Judge Irizarry
4 has said I'm not hearing that motion. All right? So you're
5 saying I'm not giving you one stitch of paper. I'm not
6 giving you anything except the deposition of Mr. McCarthy and
7 that's it. I understand that you have a theory of this
8 case --

9     MS. FULTON: The deposition of Alan Friedman as
10 well. So that's not entirely true.

11     MR. ARLEO: I'm sorry. I didn't hear that.

12     MS. FULTON: Your Honor, we offered up Mr.
13 Friedman's deposition as well.

14     THE COURT: All right.

15     MR. ARLEO: Your Honor, the problem is we've
16 attempted to schedule these depositions but as the Court is
17 aware, you need responses to discovery before you go in and
18 take a deposition.

19     THE COURT: All right.

20     MR. ARLEO: I mean, Your Honor --

21     THE COURT: When are these depositions going to
22 take place?

23     MR. ARLEO: We advised Ms. Fulton that the
24 plaintiff is available any time in the first couple of weeks
25 of June.

1  MS. FULTON:  That has never been told to me.
2  MR. KLEINMAN:  I was on the conference call when
3  you spoke to the plaintiff.  I thought my co-counsel may have
4  conveyed that information.
5  MS. FULTON:  That has never been conveyed to me,
6  Your Honor.
7  MR. KLEINMAN:  Well, it's conveyed now.  I mean, we
8  apologize.  We thought we talked about it before.  But if we
9  didn't, that's -- he's available.
10  MS. FULTON:  Okay.  In that case, Your Honor -- in
11  that case, June the 13th.
12  MR. KLEINMAN:  Let me just check my calendar to
13  make sure Abraham Kleinman is available.  I have a conference
14  at 4:30 p.m., but I have a feeling that conference is going
15  away.  Now I just want to check -- was it my sense that
16  June 13th -- Monday, June 13th is available.
17  THE COURT:  Okay.
18  MR. ARLEO:  That's fine with me, Your Honor.
19  THE COURT:  All right.  Monday, June 13th the
20  deposition of Mr. McCarthy and Mr. Friedman?
21  MS. FULTON:  Mr. Friedman is in Arizona, Your
22  Honor.
23  MR. ARLEO:  I have a suggestion at this point, Your
24  Honor.  Mr. Friedman's in Arizona and it's -- any one of the
25  partners would be good enough for a deposition.  Would we be

1       able to depose one of the partners in Rochester so we
2       wouldn't have to incur the expense of --
3                  MS. FULTON:  Your Honor, this is the fourth time
4       we've had this discussion.  The Court has already ordered
5       that Mr. Friedman's deposition be taken in Arizona.  He is
6       the managing partner of the firm.  It --
7                  THE COURT:  All right.
8                  MS. FULTON:  -- seems to me that the information
9       that they're going to be seeking, he's going to the person
10      with -- who is most knowledgeable.
11                 THE COURT:  Okay.  Take Mr. Friedman's deposition.
12      Figure out a date.  All right?  By -- it's now the 25th.  All
13      right?  By June 3rd, defendants will serve revised responses
14      to plaintiff's first set of requests for production of
15      documents, written response.  I'm overruling the objections
16      and they will provide responsive documents.
17                 I think there is a good faith basis to discover
18      what is going on at the firm as far as these debt collection
19      practices are concerned -- whether there is any attorney
20      review of the complaints that are being filed, what happened
21      with respect to the letter sent to Ms. Sebrow.  It is Ms.
22      Sebrow, right?
23                 MR. ARLEO:  Mr.
24                 THE COURT:  Mr.  I made that mistake again.  Okay.
25      Mr. Sebrow.  I'll remember that.  So revised responses by

17

1    June 3rd, complete set of documents.  You'll take your
2    deposition of Mr. McCarthy on the 13th.  You will have your
3    deposition --
4             MS. FULTON:  But Mr. --
5             THE COURT:  -- of Mr. Friedman when you set it up.
6             MS. FULTON:  -- But Mr. Sebrow on the 13th?
7             MR. ARLEO:  The plaintiff on the 13th, Your Honor.
8             THE COURT:  I'm sorry.
9             MR. ARLEO:  And we'll agree upon dates for Mr.
10   Friedman and Mr. McCarthy.
11            THE COURT:  I'm sorry.  I'm sorry.
12            MR. ARLEO:  Can you --
13            THE COURT:  Plaintiff on the 13th.
14            MR. ARLEO:  -- and would we be able to do those
15   depositions within the next two weeks?  I'm free to go to
16   Maryland on --
17            THE COURT:  Listen.  Figure it out.  You know, you
18   guy -- you folks have to have a better line of communication
19   and stop bothering me with when you're going to schedule
20   depositions.  It's like -- I don't teach grade school here.
21   We're all adults.  We should --
22            MR. ARLEO:  Then Your Honor, the --
23            THE COURT:  -- we can get it done.  Stop.  I don't
24   need to talk to talk about it any more.  So Mr. Sebrow's
25   deposition on the 13th.  The documents and revised responses

1     on the 3rd.  You're going to have the two depositions of Mr.
2     McCarthy and Mr. Friedman.
3               After they are completed, plaintiff will make a
4     formal motion to amend the complaint, to assert whatever
5     claims that they believe are viable on an individual and
6     class basis.  You will have the amended complaint as part of
7     that motion.  It doesn't have to be a huge motion.  It can
8     be, you know, as succinct as you can make it.  Defendants
9     will respond to it.  I will issue a decision.
10              If the amended complaint is permitted, we will
11    engage in -- and I would say that I guess we have to engage
12    in class discovery at that point to see if there's enough to
13    assert class claims.  We will engage in that discovery.
14              MR. ARLEO:  Your Honor, it's --
15              THE COURT:  What?  Go ahead.
16              MR. ARLEO:  -- Your Honor, I'm terribly sorry.
17    Robert Arleo.  I believe we've already served class
18    discovery -- issues on class discovery in regard to
19    numerosity.
20              THE COURT:  Were they responded to?
21              MR. ARLEO:  We take the --
22              MS. FULTON:  We did, Your Honor.  We advised that
23    we -- we believe that we sent out 37,000 of those letters.
24              THE COURT:  All right.  So you have the discovery
25    you need to make a motion to certify the class?

1           MR. ARLEO: Not yet, Your Honor. I would prefer
2  that we do that after the Court rules on the motion to amend
3  the complaint because we can have a different class defined.
4           THE COURT: Okay. So you'll amend the complaint.
5  That motion -- well, I don't know when the depositions of Mr.
6  Friedman and Mr. McCarthy are going to be held, but you'll do
7  it -- you'll do those before July 1st.
8           Motion for class certification -- excuse me -- to
9  amend the complaint. July 15th, response. July 29th, reply.
10 August 5th, you'll get a decision. Shortly thereafter, you
11 will then make a motion to certify the class, or do you --
12 will you need to engage in further discovery? Or you don't
13 need to?
14          MR. ARLEO: Yes. I think, Your Honor, we have
15 to -- once we get permission to file the amended complaint,
16 I'm going to have a whole bunch of other issues involved with
17 the filing of the complaint and then the meaningful attorney
18 review. We may learn more persons who are involved in that
19 so I think we're going to have to wait until we have
20 discovery completed on the amended complaint before we can
21 move for class cert.
22          THE COURT: All right. I don't want this to be a
23 two-year case. Okay? I want this to, you know, be expedited
24 to the extent it can. So we'll schedule further proceedings
25 after a decision on the motion to amend the complaint. All

1   right?  So --

2        MR. ARLEO:  Thank you very much, Your Honor.

3        THE COURT:  -- to recap again.  Supplemental

4   responses to the first set of document requests, June 3rd.

5   Deposition of the plaintiff, June 13th.  Depositions of Mr.

6   Friedman and Mr. McCarthy by July 1st.  Motion to amend,

7   July 15th.  Opposition, July 29th.  Reply, August 5th.

8   Further proceedings will be scheduled thereafter based on the

9   decision on the motion to amend.

10        MR. ARLEO:  Thank you, Your Honor.

11        THE COURT:  Anything else?

12        MR. KLEINMAN:  That'll do it.

13        THE COURT:  All right.  Thank you.

14        MR. ARLEO:  Have a nice day.

15      (Proceedings concluded at 10:29 a.m.)

16      I, CHRISTINE FIORE, Certified Electronic Court Reporter

17   and Transcriber and court-approved transcriber, certify that

18   the foregoing is a correct transcript from the official

19   electronic sound recording of the proceedings in the above-

20   entitled matter.

21

22   *Christine Fiore* [signature]

23   _____       May 28, 2011

24      Christine Fiore

25