**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

―――――――――――――――――――――x

YEKUSIEL SEBROW, an individual; on behalf
of himself and all others similarly situated,

                 Plaintiffs,

       vs.

FULTON, FRIEDMAN, & GULLACE, LLP, a
New York Limited Liability Partnership;
THOMAS MCCARTHY, individually and in
his official capacity; JASON P. VERHAGEN,
individually and in his official capacity;
MARIA J. REED, individually and in her
official capacity; PATRICIA A. BLAIR,
individually and in her official capacity;
DANTE GULLACE, individually and in his
official capacity; CYNTHIA L. FULTON,
individually and in her official capacity;
ALLAN J. FRIEDMAN, individually and in his
official capacity; and JOHN AND JANE DOES
NUMBERS 8 THROUGH 25,

                 Defendants.

―――――――――――――――――――――x

CASE NO.:  1:10-cv-05897-DLI-RER

**FIRST AMENDED <u>CLASS ACTION</u>
COMPLAINT FOR VIOLATIONS OF
THE FAIR DEBT COLLECTION
PRACTICES ACT**

**<u>DEMAND FOR JURY TRIAL</u>**

## <u>I.  PRELIMINARY STATEMENT</u>

1.     Plaintiff, YEKUSIEL SEBROW ("SEBROW"), on behalf of himself and the class

of all others similarly situated, brings this action for the illegal practices of the Defendant

FULTON, FRIEDMAN, & GULLACE, LLP ("FULTON FRIEDMAN"), THOMAS

MCCARTHY ("MCCARTHY"), JASON P. VERHAGEN ("VERHAGEN"), MARIA J. REED

("REED"), PATRICIA A. BLAIR ("BLAIR"), DANTE GULLACE ("GULLACE"), CYNTHIA

L. FULTON ("FULTON"), and ALLAN J. FRIEDMAN ("FRIEDMAN") who, *inter alia*, used

false, deceptive, and misleading practices, and other illegal practices, in connection with its

attempts to collect an alleged debt from the Plaintiff and others.

2.      The Plaintiff alleges that the Defendants' collective collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

3.      Such collection practices include, *inter alia*, sending written communications to consumers, and by engaging in telephonic communications with consumers, which make false representations or implications that Defendants' non-attorney debt collectors are, in fact, licensed attorneys and executing debt collection documents such as summons and complaints without any meaningful attorney review or involvement.

4.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5.      The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6.      The FDCPA applies to lawyers regularly engaged in consumer debt-collection litigation. *Heintz v. Jenkins*, 514 U.S. 291 (1995); *Goldman v. Cohen*, 445 F.3d 152, 155 (2d Cir. 2006).

7.     To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations prohibited by that section are: false representations or implications that any individual is an attorney or that any communication is from an attorney which violations also include the failure to conduct meaningful attorney review prior to an attorney executing any debt collection documents, 15 U.S.C. §1692e(3); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. §1692e(10).

8.     The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II.  PARTIES

9.     SEBROW is a natural person.

10.     At all times relevant to this lawsuit, SEBROW is a citizen of, and resided in, Far Rockaway, Queens County, New York.

11.     At all times relevant to this lawsuit, FULTON FRIEDMAN is a for-profit Limited Liability Partnership existing pursuant to the laws of the State of New York.

12.     Plaintiff is informed and believes, and on that basis alleges, that FULTON FRIEDMAN maintains its principal business address at 500 First Federal Plaza, City of Rochester, Monroe County, New York.

13.     Since the filing of this action, Plaintiff has identified MCCARTHY as JOHN DOE NUMBER 1.

14.     Plaintiff is informed and believes, and on that basis alleges that MCCARTHY is a natural person who resides at 724 Harness Creek View Drive # D, City of Annapolis, Anne Arundel County, Maryland.

15.     Since the filing of this action, Plaintiff has identified VERHAGEN as JOHN DOE NUMBER 2.

16.     Plaintiff is informed and believes, and on that basis alleges, that VERHAGEN is a natural person who resides at 495 Cooper Road, City of Rochester, Monroe County New York.

17.     Since the filing of this action, Plaintiff has identified REED as JANE DOE NUMBER 3.

18.     Plaintiff is informed and believes, and on that basis alleges that REED, is a natural person who resides at 545 Highland Avenue, Apt. 4, City of Rochester, Monroe County New York.

19.     Since the filing of this action, Plaintiff has identified BLAIR as JANE DOE NUMBER 4.

20.     Plaintiff is informed and believes, and on that basis alleges, that BLAIR is a natural person who resides at 12 Folkestone Lane, Hamlet of East Islip, Suffolk County, New York.

21.     Since the filing of this action, Plaintiff has identified GULLACE as JOHN DOE NUMBER 5.

22.     Plaintiff is informed and believes, and on that basis alleges, that GULLACE is a natural person who resides at 942 Pittsford Mendon Road, Town of Pittsford, Monroe County, New York.

23.     Since the filing of this action, Plaintiff has identified FULTON as JANE DOE NUMBER 6.

24.     Plaintiff is informed and believes, and on that basis alleges, that FULTON is a natural person who resides at 1389 South Desert Meadows Circle, City of Phoenix, Maricopa County, Arizona.

25.     Since the filing of this action, Plaintiff has identified FRIEDMAN as JOHN DOE NUMBER 7.

26.     Plaintiff is informed and believes, and on that basis alleges, that FRIEDMAN is a natural person who resides at 12844 North Paradise Village Parkway West, Apt. 129, City of Phoenix, Maricopa County, Arizona.

27.     Defendants, JOHN AND JANE DOES NUMBERS 8 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this amended complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

28.     Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 8 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of FULTON FRIEDMAN and that are the subject of this Amended Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by FULTON FRIEDMAN and by and, therefore, are personally liable for all of the wrongdoing alleged in this Amended Complaint.

### III.  JURISDICTION & VENUE

29.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

30. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of SEBROW occurred within this federal judicial district, and because each of the Defendants is subject to personal jurisdiction in the State of New York at the time this action is commenced.

### IV. FACTS CONCERNING PLAINTIFF

31. Sometime prior to June 14, 2010, SEBROW allegedly incurred a financial obligation to FIA Card Services, National Association ("FIA Obligation").

32. The FIA Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

33. Defendants contend that the FIA Obligation is in default.

34. The alleged FIA Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

35. SEBROW is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

36. SEBROW is informed and believes, and on that basis alleges, that sometime prior to June 14, 2010, the creditor of the FIA Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to ZWICKER & ASSOCIATES, P.C. ("ZWICKER & ASSOCIATES") for collection.

37. At all times relevant to this lawsuit, ZWICKER & ASSOCIATES is a for-profit Professional Corporation existing pursuant to the laws of the Commonwealth of Massachusetts.

38. Plaintiff is informed and believes, and on that basis alleges, that ZWICKER & ASSOCIATES maintains its principal business address at 80 Minuteman Road, Town of Andover, Essex County, Massachusetts.

39.     ZWICKER & ASSOCIATES collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

40.     In connection with its debt collection operations, ZWICKER & ASSOCIATES outsources its collection activities to other collection agencies, such as FULTON FRIEDMAN and its employees.

41.     ZWICKER & ASSOCIATES personally implemented, and with knowledge such practices were contrary to law, acted consistent with, managed, and oversaw all of the illegal policies and procedures alleged herein that were used by FULTON FRIEDMAN and its employees to collect debts on behalf of ZWICKER & ASSOCIATES.

42.     ZWICKER & ASSOCIATES is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

43.     SEBROW is informed and believes, and on that basis alleges, that sometime on or about June 14, 2010, ZWICKER & ASSOCIATES, either directly or through intermediate transactions assigned, placed, or transferred, the FIA Obligation to FULTON FRIEDMAN for assistance in collection of that alleged debt.

44.     FULTON FRIEDMAN collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

45.     FULTON FRIEDMAN is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

46.     MCCARTHY is a manager of FULTON FRIEDMAN.

47.     MCCARTHY attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

48.     MCCARTHY personally implemented, and with knowledge such practices were contrary to law, acted consistent with, managed, and oversaw the illegal policies and procedures used by other employees of FULTON FRIEDMAN.

49.     MCCARTHY is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

50.     On information and belief, VERHAGEN is a part owner, manager, and/or supervisor of FULTON FRIEDMAN.

51.     VERHAGEN attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

52.     VERHAGEN personally implemented, and with knowledge such practices were contrary to law, acted consistent with, managed, and oversaw the illegal policies and procedures used by other employees of FULTON FRIEDMAN.

53.     VERHAGEN is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

54.     On information and belief, REED is a part owner, manager, and/or supervisor of FULTON FRIEDMAN.

55.     REED attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

56.     REED personally implemented, and with knowledge such practices were contrary to law, acted consistent with, managed, and oversaw the illegal policies and procedures used by other employees of FULTON FRIEDMAN.

57.     REED is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

58.     On information and belief, BLAIR is a principal owner, director, shareholder, and manager of FULTON FRIEDMAN.

59.     BLAIR attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

60.     BLAIR personally implemented, and with knowledge such practices were contrary to law, acted consistent with, managed, and oversaw the illegal policies and procedures used by other employees of FULTON FRIEDMAN.

61.     BLAIR is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

62.     On information and belief, GULLACE is a principal owner, director, shareholder, and/or manager of FULTON FRIEDMAN.

63.     GULLACE attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

64.     GULLACE personally implemented, and with knowledge such practices were contrary to law, acted consistent with, managed, and oversaw the illegal policies and procedures used by other employees of FULTON FRIEDMAN.

65.     GULLACE is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

66.     On information and belief, FULTON is a principal owner, director, shareholder, and/or manager of FULTON FRIEDMAN.

67.     FULTON attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

68.     FULTON personally implemented, and with knowledge such practices were contrary to law, acted consistent with, managed, and oversaw the illegal policies and procedures used by other employees of FULTON FRIEDMAN.

69.     FULTON is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

70.     On information and belief, FRIEDMAN is a principal owner, director, shareholder, and/or manager of FULTON FRIEDMAN.

71.     FRIEDMAN attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

72.     FRIEDMAN personally implemented, and with knowledge such practices were contrary to law, acted consistent with, managed, and oversaw the illegal policies and procedures used by other employees of FULTON FRIEDMAN.

73.     FRIEDMAN is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

74.     In an attempt to collect the FIA Obligation, FULTON FRIEDMAN sent SEBROW a letter dated June 14, 2010 ("6/14/10 Letter"). A true and correct copy of the 6/14/10 Letter is attached hereto as ***Exhibit A***.

75.     The 6/14/10 Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

76.     The top portion of the 6/14/10 Letter displays the law firm name "FULTON FRIEDMAN & GULLACE, LLP" and underneath that states "COLLECTIONS CONSULTING & LITIGATION," the telephone number "866-563-0809," and instructions to contact "Tom McCarthy" regarding "all inquiries."

77.     MCCARTHY is not an attorney and, therefore, is not licensed to practice law in the State of New York or any other State.

78.     Nowhere on the 6/14/10 Letter does it indicate that MCCARTHY is actually a non-attorney debt collector.

79.     The first paragraph of the 6/14/10 Letter states, "Disregard of this notice may result in the commencement of legal proceedings against you for collection of this debt."

-10-

80.     The first paragraph of the 6/14/10 Letter further states, "…if a lawsuit is commenced the Court may assess additional charges for the court costs and other expenses of the lawsuit."

81.     Although the 6/14/10 Letter states that it is from a "debt collector," that statement does not rule out the possibility that the letter is from a licensed attorney, as attorneys can also be debt collectors.

82.     In light of the foregoing, SEBROW perceived, as would the least sophisticated consumer, that the 6/14/10 Letter was in fact the work product, and sent pursuant to the directive, of a licensed attorney, even though the letter indicates no attorney had yet "reviewed the particular circumstances" of SEBROW's account.

83.     At the time SEBROW received the 6/14/10 Letter he perceived, as would the least sophisticated consumer, that MCCARTHY was a licensed attorney who had either drafted said letter or authorized it to be sent.

84.     The telephone number "866-563-0809" is answered by non-attorney debt collectors who are employed by FULTON FRIEDMAN at a telephone call center, which is located at an undisclosed location in the State of Maryland.

85.     SEBROW reasonably inferred – as would a least sophisticated consumer – that the telephone number "866-563-0809" is answered by a law firm located in the State of New York, which is staffed by licensed attorneys, instead of being answered by an undisclosed telephone call center located in Maryland that is staffed **_only_** by non-attorney debt collectors.

86.     After receiving the 6/14/10 Letter, SEBROW reasonably inferred – as would a least sophisticated consumer – that FIA Card Services, National Association was proceeding more aggressively as it had incurred the expense of hiring a New York law firm, who indicated that "legal proceedings" may be "commenced" and that "the Court may assess additional charges

for the court costs and other expenses of the lawsuit."

87. The 6/14/10 Letter was the first written communication that SEBROW received from FULTON FRIEDMAN.

88. FULTON FRIEDMAN intended that the 6/14/10 Letter imply a heightened severity over dunning letters from non-attorney collection companies and that the least sophisticated consumer react with a commensurate level of alarm and concern.

89. Sometime after receiving the 6/14/10 Letter, SEBROW became informed and now believes, and on that basis alleges, that the 6/14/10 Letter is actually a computer-generated, mass-produced letter.

90. Sometime after receiving the 6/14/10 Letter, SEBROW became informed and now believes, and on that basis alleges, that MCCARTHY neither drafted said letter nor authorized it to be sent.

91. On information and belief, it is the other Defendants who approved and authorized the sending of written communications, in the form attached hereto as ***Exhibit A***, to Plaintiff and other similarly situated consumers.

92. On information and belief, FULTON FRIEDMAN and its partners, BLAIR, and ZWICKER & ASSOCIATES who personally implemented, and with knowledge such practices were contrary to law, acted consistent with, managed, and oversaw the sending of written communications, in the form attached hereto as ***Exhibit A***, to Plaintiff and other similarly situated consumers to collect debts on behalf of ZWICKER & ASSOCIATES.

93. In an effort to further its facade of meaningful attorney involvement, FULTON FRIEDMAN's non-attorney debt collectors began placing telephone calls to Plaintiff in an effort to collect the alleged FIA Obligation.

94.     At no time during its telephone conversations with Plaintiff, did FULTON FRIEDMAN's non-attorney debt collectors disclose that they were calling from an undisclosed call center in the State of Maryland, or that the call center was not staffed with any attorneys licensed to practice law in the State of New York.

95.     During its telephone conversations with Plaintiff, FULTON FRIEDMAN's non-attorney debt collectors made false, deceptive, and misleading representations to Plaintiff that they were, in fact, attorneys.

96.     During its telephone conversations with Plaintiff, FULTON FRIEDMAN's non-attorney debt collectors provided legal "counsel" to Plaintiff by, *inter alia*, threatening him with the filing of a lawsuit and post-judgment remedies.

97.     During his telephone conversations with FULTON FRIEDMAN's non-attorney debt collectors, Plaintiff believed, as would the least sophisticated consumer believe, that he was actually speaking with an attorney, who was licensed in the State of New York, and who was physically located at FULTON FRIEDMAN's law firm located in the State of New York.

98.     FULTON FRIEDMAN's undisclosed call center in the State of Maryland is not staffed with any attorneys who are licensed to practice law in the State of New York.

99.     There is little, to no, meaningful attorney supervision given to FULTON FRIEDMAN's non-attorney debt collectors located at its undisclosed call center in the State of Maryland.

100.    FULTON FRIEDMAN, and its partners, hired MCCARTHY and instructed him to open their undisclosed call center in the State of Maryland and to create, implement, and enforce all of the collection policies and practices used by debt collector employees located in that call center.

101.    MCCARTHY is charged by FULTON FRIEDMAN, and its partners, with the task of hiring and firing all non-attorney debt collectors staffed at its undisclosed call center located in the State of Maryland.

102.    FULTON FRIEDMAN, along with its partners, BLAIR, and MCCARTHY, permit non-attorney debt collectors who work at the undisclosed Maryland call center to assess complex situations where multiple options are available and decide upon the best course of action with respect to consumer debts.

103.    FULTON FRIEDMAN, along with its partners, BLAIR, and MCCARTHY, permit non-attorney debt collectors who work at the undisclosed Maryland call center to review and recommend appropriate legal action with respect to consumer debts.

104.    It is the policy and practice of FULTON FRIEDMAN to require its non-attorney debt collectors, including MCCARTHY, not to voluntarily disclose to consumers during telephone communications that these employees are, in fact, not attorneys.

105.    It is the policy and practice of FULTON FRIEDMAN to require its non-attorney debt collectors, including MCCARTHY, threaten consumers with the filing of a lawsuit during telephone communications in the event a consumer expresses a refusal or hesitation to pay the debt they are attempting to collect.

106.    It is the policy and practice of FULTON FRIEDMAN to require its non-attorney debt collectors, including MCCARTHY, threaten consumers with the imposition of post-judgment remedies as a means of coercing payment from consumers during telephone communications wherein a consumer expresses a refusal or hesitation to pay the debt they are attempting to collect.

107.    It is the policy and practice of FULTON FRIEDMAN to require its non-attorney debt collectors, including MCCARTHY, when threatening consumers with the imposition of

post-judgment during telephone communications consumers, not to tell those consumers that they have the right to raise defenses to any lawsuit filed against them.

108.    It is the policy and practice of FULTON FRIEDMAN, its partners, BLAIR, MCCARTHY, and ZWICKER & ASSOCIATES to require FULTON FRIEDMAN's non-attorney debt collectors to refer consumers who ask to speak with an attorney during a telephone communication to MCCARTHY for handling instead of referring them to a licensed attorney.

109.    On information and belief, FULTON FRIEDMAN and its partners, BLAIR, MCCARTHY, and ZWICKER & ASSOCIATES personally implemented, and with knowledge such practices were contrary to law, acted consistent with, managed, and oversaw the above-referenced illegal policies and procedures used by FULTON FRIEDMAN's non-attorney debt collectors with respect to their telephone communications with Plaintiff and other similarly situated consumers to collect debts on behalf of ZWICKER & ASSOCIATES.

110.    On August 18, 2010, after being unable to collect the FIA Obligation, FULTON FRIEDMAN made a further attempt to collect the FIA Obligation by filing a lawsuit against SEBROW in the Civil Court of the City of New York, County of Queens. A true and correct copy of the summons and complaint ("Summons and Complaint") from that lawsuit is attached hereto as ***Exhibit B***.

111.    The FDCPA imposes upon attorneys a duty of reasonable inquiry when an attorney is signing any debt collection communication, including a summons and complaint, that is sent to a consumer in connection with an attempt to collect a debt. This means that, for example, prior to signing, filing, issuing, and serving a summons and complaint, the signing attorney must be licensed to practice law and must conduct a complete review of the entire file maintained by the original creditor.

112.    Plaintiff is informed and believes, and on that basis thereon alleges, that the Summons and Complaint was neither prepared nor received any meaningful review or involvement by a New York licensed attorney prior to the time it was filed in the Civil Court of the City of New York, County of Queens.

113.    The Summons and Complaint filed against Plaintiff falsely represents and implies that licensed attorneys were directly or personally involved in reviewing Plaintiff's file or account prior to filing that lawsuit.

114.    The FDCPA requirement that, prior to affixing his/her signature to a debt collection document, a licensed attorney conduct an adequate and complete review lends an air of legitimacy to the creation, and filing, of debt collection communications. It is presumed that, by conducting such review, an attorney will use his or her own reasoned, professional judgment to determine the merits of the alleged claim and whether further collection efforts are required.

115.    Plaintiff subsequently answered the Summons and Complaint and appeared in Court to defend against the underlying state court action filed by Defendants; however, Defendant did not appear in Court and the action was dismissed.

116.    The Defendants' failure to appear and prosecute the underlying state court collection lawsuit against Plaintiff is due to the fact that its attorneys are not meaningfully involved in the collection actions they file against consumers.

117.    The Defendants' business strategy is to have non-attorney, hourly wage, employees prepare and file thousands of mass-produced, computer-generated, collection lawsuits against consumers with no meaningful attorney involvement, in an over-burdened state court system, in the hope that they can obtain default judgments and then use those judgments as leverage to extract payment from consumers. The Defendants collectively make tens of millions of dollars each year by utilizing this business strategy.

118.     Plaintiff is informed and believes, and on that basis alleges that, the Defendants file well in excess of 9,000 debt collection cases each year in civil courts located throughout the State of New York. The Defendants signing these debt collection complaints on behalf of FULTON FRIEDMAN and ZWICKER & ASSOCIATES are not meaningfully involved in the preparation or decision-making process that results in the filing of a collection complaint against a consumer, and they are not meaningfully involved in the pursuit of that litigation once it is initiated against a consumer.

119.     In short, the collection complaints filed by Defendants on behalf of ZWICKER & ASSOCIATES in the State of New York are nothing more than boilerplate, computer-generated, documents that are mass-produced by FULTON FRIEDMAN's non-attorney debt collectors who are paid minimal hourly wages, which documents are then "robo-signed" by the Defendants who have not performed any meaningful review of the consumer's file prior to signing.

120.     On average, the Defendants file more than 9,000 of these collection lawsuits per year in the State of New York, with only 4 attorneys working on these lawsuits.

121.     Further, upon information and belief, since 2009, the Defendants have collectively litigated approximately 60 lawsuits on behalf of FULTON FRIEDMAN, themselves, and others in federal courts located in various districts throughout the United States of America.

122.     Upon information and belief, the files that are to be reviewed by the Defendants prior to their signing any debt collection documents, specifically summons and complaints, are never actually received by Defendants.

123.     On information and belief, FULTON FRIEDMAN and its partners, VERHAGEN, REED, BLAIR, and ZWICKER & ASSOCIATES personally implemented, and with knowledge such practices were contrary to law, acted consistent with, managed, and oversaw the sending of written collection communications, in the form attached hereto as ***Exhibit B***, to Plaintiff and

other similarly-situated consumers to collect debts on behalf of ZWICKER & ASSOCIATES.

124.    Notwithstanding its above-referenced personal involvement in the collection of the FIA Obligation with FULTON FRIEDMAN, at all times relevant to the collection of the alleged FIA Obligation, there existed a principal-agent relationship between ZWICKER & ASSOCIATES and the Defendants.

125.    At all times relevant to the collection of the alleged FIA Obligation, the Defendants were the agents for ZWICKER & ASSOCIATES, acting within the course and scope of their employment at the time of the incidents complained of herein, and were under the direct supervision, control, and approval of ZWICKER & ASSOCIATES.

126.    As the principal and a debt collector, ZWICKER & ASSOCIATES is, in addition to its own liability, also vicariously liable for the illegal collection activities of the Defendants and FULTON FRIEDMAN's other employees, who were working on its behalf to collect debts from the Plaintiff and similarly situated consumers.

## V.  POLICIES AND PRACTICES COMPLAINED OF

127.    It is FULTON FRIEDMAN's policy and practice to send written collection communications, in the form attached as ***Exhibit A***, in connection with the collection of alleged consumer debts, which make false, deceptive, and misleading representations that any person is an attorney or that any communication is from an attorney.

128.    It is also FULTON FRIEDMAN's policy and practice to allow its non-attorney debt collectors to make false, deceptive, and misleading representations to consumers during telephone communications that they are licensed attorneys, and then to threaten consumers with lawsuits and imposition of post-judgment remedies when they refuse or hesitate in paying the money demanded.

129. It is also FULTON FRIEDMAN's policy and practice to execute, file and serve summons and complaints, in the form attached as ***Exhibit B***, in connection with the collection of alleged consumer debts, without performing meaningful attorney review of the debt collection file prior to affixing the signature of an attorney to the summons and complaints.

130. "Abuses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action than to a debt collection agency committing the same practice." *Crossley v. Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989).

131. "A debt collection letter on an attorney's letterhead conveys authority and credibility." *Crossley v. Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989).

132. On information and belief, the written communications, as alleged in this amended complaint under the Facts Concerning Plaintiff, number at least in the hundreds.

## VI.  CLASS ALLEGATIONS

133. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

134. With respect to a Plaintiff Class ("First Plaintiff Class"), this claim is brought on behalf of a class of (a) all persons in the State of New York (b) to whom FULTON FRIEDMAN sent a written communication in the form attached as ***Exhibit A***; (c) in an attempt to collect a debt that was incurred for personal, family, or household purposes; (d) on behalf of ZWICKER & ASSOCIATES; (e) which was not returned as undelivered by the United States Postal Service; (f) during the one year immediately preceding the filing of the initial complaint in this action and ending January 18, 2011.

135.    Further, with respect to an additional Plaintiff Class ("Second Plaintiff Class"), this claim is brought on behalf of a class of (a) all persons in the State of New York (b) to whom the Defendants sent a written communication in the form attached as ***Exhibit B***; (c) in an attempt to collect a debt that was incurred for personal, family, or household purposes; (d) on behalf of ZWICKER & ASSOCIATES; (e) which was successfully served by a process server; (f) during the one year immediately preceding the filing of the initial complaint in this action and ending January 18, 2011.

136.    The identities of all class members are readily ascertainable from the business records of FULTON FRIEDMAN and ZWICKER & ASSOCIATES.

137.    Excluded from the Plaintiff Classes are the Defendants and their respective officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

138.    With respect to the First Plaintiff Class, there are common questions of law and fact, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendants' written communications to consumers, in the form attached as ***Exhibit A***, violate 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(10).

139.    With respect to the Second Plaintiff Class, there are common questions of law and fact, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendants' written communications to consumers, in the form attached as ***Exhibit B***, violate 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(10).

140.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

141.    The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this Amended Complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

142.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)    **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

(b)    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issues is whether the Defendants' written communications to consumers, in the form attached as ***Exhibit A***, and the Summons and Complaint attached as ***Exhibit B*** violate 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(10).

(c)    **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Classes have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)    **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter.

Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel has any interests that might cause them not to vigorously pursue the instant class action lawsuit.

(e)   **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

143.   Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the letter attached as ***Exhibit A*** and the Summons and Complaint attached as ***Exhibit B*** violate 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(10) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

144.   Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

145.   Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to modify the class definitions and/or certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VII.  FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST FULTON FRIEDMAN, GULLACE, FULTON,
### FRIEDMAN, and MCCARTHY)

146.    Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Amended Complaint.

147.    The Defendants' written communication in the form attached as ***Exhibit A*** are false, deceptive, and misleading in violation of 15 U.S.C. § 1692e.

148.    The Defendants' written communication in the form attached as ***Exhibit A*** are false, deceptive, and misleading in that Tom McCarthy is not a licensed attorney in violation of 15 U.S.C. § 1692e(3).

149.    The Defendants' written communication in the form attached as ***Exhibit A*** constitutes the use of a false representation and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. §§1692e and 1692e(10).

## VIII.   SECOND CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST FULTON FRIEDMAN, GULLACE, FULTON, FRIEDMAN, and
### MCCARTHY)

150.    Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Amended Complaint.

151.    The Defendants' telephonic communications with Plaintiff violated 15 U.S.C. §§1692e and 1692e(3) by making false, deceptive, and misleading representations that FULTON FRIEDMAN's non-attorney debt collectors are, in fact, attorneys licensed to practice law in the State of New York.

152.    The Defendants' telephonic communications with Plaintiff violated 15 U.S.C. §§1692e and 1692e(10) in that they constitute the use of a false representation and/or deceptive

means to collect or attempt to collect any debt or to obtain information concerning a consumer and impermissibly threaten post-judgment remedies.

## IX.  THIRD CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST FULTON FRIEDMAN, VERHAGEN, REED, BLAIR,
### GULLACE, FULTON, and FRIEDMAN)

153.    Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Amended Complaint.

154.    The Defendants' written communications in the form attached as ***Exhibit B*** are false, deceptive, and misleading in violation of 15 U.S.C. § 1692e.

155.    The Defendants' written communications in the form attached as ***Exhibit B*** are false, deceptive, and misleading in that these communications were neither drafted by, nor received any meaningful review or involvement from, a licensed attorney in violation of 15 U.S.C. §§1692e and 1692e(3).

156.    The Defendants' written communication in the form attached as ***Exhibit B*** constitute the use of a false representation and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. §§1692e and 1692e(10).

## X.  PRAYER FOR RELIEF

157.    WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and in favor of the Plaintiff Classes as follows:

A.    **For the FIRST CAUSE OF ACTION**:

(i)    An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing SEBROW and the undersigned counsel to represent the Plaintiff Class as

-24-

previously set forth and defined above.

(ii)     An award of the maximum statutory damages for SEBROW and the First Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(B);

(iii)    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(iv)    For such other and further relief as may be just and proper.

B.    **For the SECOND CAUSE OF ACTION:**

(i)     An order certifying that the Second Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing SEBROW and the undersigned counsel to represent the Second Plaintiff Class as previously set forth and defined above.

(ii)     An award of the maximum statutory damages for SEBROW and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(B);

(iii)    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(iv)    For such other and further relief as may be just and proper.

C.    **For the THIRD CAUSE OF ACTION:**

(v)     An order certifying that the Third Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing SEBROW and the undersigned counsel to represent the Second Plaintiff Class as previously set forth and defined above.

(vi)    An award of the maximum statutory damages for SEBROW and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(B);

(vii)   Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(i)   For such other and further relief as may be just and proper.

## XI.  JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:   Fresh Meadows, New York
September 2, 2011

*s/ William F. Horn*
William F. Horn, Esq. (WH-1070)
LAW OFFICE OF WILLIAM F. HORN
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone:  (718) 785-0543
Facsimile:   (866) 596-9003
E-Mail:  bill@wfhlegal.com

Robert L. Arleo, Esq. (RA-7506)
LAW OFFICE OF ROBERT L. ARLEO
164 Sunset Park Road
Haines Falls, NY 12436
Telephone:  (518) 589-1016
Facsimile:   (518) 751-1801
E-Mail:  r.arleo@verizon.net

Abraham Kleinman, Esq. (AK-6300)
KLEINMAN, LLC
626 RXR Plaza
Uniondale, NY 11556-06265
Telephone:  (516) 522-2621
Facsimile:   (888) 522-1692
E-Mail:  akleinman@kleinmanllc.com

*Attorneys for Plaintiff, Yekusiel Sebrow, and*
*all others similarly situated*

# EXHIBIT "A"

# FULTON FRIEDMAN & GULLACE LLP

## COLLECTIONS, CONSULTING & LITIGATION

**NEW YORK**
28 E. MAIN STREET, SUITE 500
ROCHESTER, NEW YORK 14614

TELEPHONE
(866) 563-0809
Please direct all inquires to Tom McCarthy

**ARIZONA**
2345 E THOMAS RD
SUITE 460
PHOENIX, ARIZONA 85016

June 14, 2010

YEKUSIEL SEBROW
506 JARVIS AVE
FAR ROCKAWAY NY 11691-5426

Re:  CREDITOR:  FIA CARD SERVICES, NATIONAL ASSOCIATION
     TOTAL DUE: $10150.82     FILE NO: 249929

Your unpaid account referred to above has been referred to our office for collection. Disregard of this notice may result in the commencement of legal proceedings against you for collection of this debt. Note that if a lawsuit is commenced, the Court may assess additional charges for the court costs and other expenses of the lawsuit.

**At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.  However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this claim or any portion thereof, this office will assume this debt to be valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

## THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Very truly yours,
FULTON, FRIEDMAN & GULLACE LLP                FF#: 249929

---

YEKUSIEL SEBROW    249929
506 JARVIS AVE
FAR ROCKAWAY NY 11691-5426

*If you wish to make payment via credit or debit card, please complete this form and return the same to our office at the above address. You may also call us to make payment over the telephone.*

Type of Card: ___ Mastercard ___ Visa ___ Discover

Credit/Debit Card No.: __ __ __ __ - __ __ __ __ - __ __ __ __ - __ __ __ __          Expiration Date: ___ / ___ / ____

Name on Card: _____          CID# _____ (see back of card in signature area)

Signature of Cardholder:_____  Date: ___ / ___ / ____  Amt Paid: $_____

# EXHIBIT "B"

# CONSUMER CREDIT TRANSACTION
# IMPORTANT!! YOU ARE BEING SUED !!
# THIS IS A COURT PAPER    A SUMMONS

**DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY! PART OF YOUR PAY CAN BE TAKEN FROM YOU (GARNISHEED). IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!! YOU MAY HAVE TO PAY OTHER COSTS TOO!!! IF YOU CAN'T PAY FOR YOUR OWN LAWYER, BRING THESE PAPERS TO THIS COURT RIGHT AWAY. THE CLERK (PERSONAL APPEARANCE) WILL HELP YOU!**

CIVIL COURT OF THE CITY OF NEW YORK

COUNTY OF QUEENS            Index No. _____     File No.

                                             9 6 7 7 6 | 10

**FIA CARD SERVICES, N.A.**
**655 PAPERMILL ROAD**                        File Date:
**WILMINGTON DE 19884**

                                              AUG 18 2010

                         **PLAINTIFF,**

     against                                        **SUMMONS**
                                     **The basis of Venue is**
**YEKUSIEL SEBROW**                              **Defendant's Residence**
**506 JARVIS AVE**
**FAR ROCKAWAY NY 11691-5426**
                 **DEFENDANT.**

**TO THE ABOVE NAMED DEFENDANT:**

YOU ARE HEREBY SUMMONED TO APPEAR in the Civil Court of the City of New York, County of QUEENS, at the Office of the Clerk of the said Court at 89-17 SUTPHIN BLVD, JAMAICA NY 11435, in the County of QUEENS, City and State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk; upon your failure to answer, judgment will be taken against you for the sum of $9137.45 with interest from 01/30/2010, together with the costs of this action.

Dated: Rochester, New York
       July 23, 2010

         Fulton, Friedman & Gullace LLP      **By:**
         **Attorneys for Plaintiff**                      Jason P. Verhagen, Esq. / Maria J. Reed, Esq.
         28 E. Main Street, Suite 500                  Patricia A. Blair, Esq. / Dante Gullace, Esq.
         Rochester, NY  14614
         (866) 563-0809                       FFG# 249929

Note: The law provides that:

     (a) If this summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY (20) days after such service; or

     (b) If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, OR BY ANY MEANS OTHER THAN PERSONAL DELIVERY TO YOU WITHIN THE CITY OF NEW YORK, you are allowed THIRTY (30) DAYS AFTER THE PROOF OF SERVICE THEREOF IS FILED WITH THE CLERK OF THIS COURT within which to appear and answer.

New York City Department of Consumer Affairs License Numbers 1328139, 1344745, 1344741



# TRANSACCION DE CREDITO DEL CONSUMIDOR
# !IMPORTANTE! !UD. HA SIDA DEMANDADO!
# ESTE ES UN DOCUMENTO LEGAL   UNA CITACION

!NO LA BOTE! !CONSULTE CON SU ABOGADO ENSEGUIDA! LE PUEDEN QUITAR PARTE DE SU SALARIO (EMBARGARLO). !SI UD.NO SE PRESENTA EN LA CORTE CON ESTA CITACION LE PUEDEN CONFISCAR SUS BIENES, (PROPIEDAD) Y PERJUDICAR SU CREDITO! !TAMBIEN ES POSIBLE QUE TENGA QUE PAGAR OTROS GASTOS LEGALES (COSTAS)! SI UD. NO TIENE DINERO PARA UN ABOGADO TRAIGA ESTOS PAPELES A LA CORTE INMEDIATAMENTE. VENGA EN PERSONA Y EL SECRETARIO DE LA CORTE LE AYUDARA.

| | |
|---|---|
| CORTE CIVIL DE LA CIUDAD DE NUEVA YORK | File No. |
| CONDADO DE QUEENS          No. de epigrafe | |
| | File Date: |

FIA CARD SERVICES, N.A.
655 PAPERMILL ROAD
WILMINGTON DE 19884            DEMANDANTE,

                                               CITACION
                                               La raz n de haber designado esta
             vs.                               corte es residencia del Demandado

YEKUSIEL SEBROW
506 JARVIS AVE
FAR ROCKAWAY NY 11691-5426
             DEMANDADO.

Al demandado arriba mencionado: USTED ESTA CITADO a comparecer en la Corte Civil de la Ciudad de Nueva York, Condado de QUEENS, a la oficina del Jefe Principal de dicha Corte en 89-17 SUTPHIN BLVD,  JAMAICA NY 11435, en el Condado de QUEENS, Ciudad Y Estado de Nueva York, dentro del tiempo provisto por la ley segun abajo indicado y presentar su respuesta a la demanda adjunta al Jefe de la Corte; si usted no comparece a contestar se dictara sentencia contra usted en la suma de $9137.45, con intereses desde 01/30/2010 incluyendo las costas de esta causa.

Fechado:        Rochester, NY
                July 23, 2010          _____
                                       Jason P. Verhagen, Esq. / Maria J. Reed, Esq.
                                       Patricia A. Blair, Esq. / Dante Gullace, Esq.
                                       Fulton, Friedman & Gullace LLP
                                       Attorneys for Plaintiff
                                       28 E. Main Street, Suite 500
                                       Rochester, NY  14614
                                       (866) 563-0809

NOTA: La Ley provee que:
    (a) Si esta citacion es entregada a usted personalmente en la Ciudad de Nueva York, usted debe comparecer y responderla dentro de VIENTE dias despues de la entrega; o
    (b) Si esta citacion es entregada a otra persona que no fuera usted personalmente, o si fuera entregada afurea de la Ciudad de Nueva York, o por medio de publicacion, o por ostros medios que no fueran entrega personal a usted en la Ciudad de Nueva York, usted tiene TREINTA dias para comparecer y responder la demanda, despues de haberse presentado prueba de entrega de la citacion al Jefe de esta Corte.

Numero de licencia del Departamento de Asuntos del Consumidor de la Ciudad de NYC 1328139, 1344745, 1344741

CIVIL COURT OF THE CITY OF NEW YORK
STATE OF NEW YORK                   Index No.:                    COUNTY OF QUEENS

FIA CARD SERVICES, N.A.
655 PAPERMILL ROAD
WILMINGTON DE 19884          PLAINTIFF

-against-
                                                        COMPLAINT
YEKUSIEL SEBROW                                          9 6 7 7 6 /10
506 JARVIS AVE
FAR ROCKAWAY NY 11691-5426
                                DEFENDANT(S)             AUG 1 8 2010

Plaintiff for a complaint against Defendant alleges upon information and belief:

1.      That at all times relevant to this action, Plaintiff was and still is a National Association having an office at the address set forth above.

2.      Upon information and belief, at the time of the commencement of this action Defendant resided at the address in the caption of this action in the County of and State of New York.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

3.      Defendant entered into a credit card agreement with Plaintiff wherein Plaintiff agreed to extend credit to Defendant, and Defendant agreed to repay any monies advanced.

4.      Plaintiff issued a credit card in the name of Defendant(s) under account number XXXXXXXXXXXXX6154.

5.      Defendant(s) used or authorized the use of the credit card and thereby incurred charges.

6.      By using and/or authorizing the use of the credit card Defendant accepted the contract with Plaintiff and became bound to pay for all charges incurred with the credit card. Defendant also became subject to all of the terms and conditions of the credit card agreement.

7.      Thereafter, Defendant(s) breached the credit card agreement by defaulting on the payment obligations contained therein. Such breach of contract proximately caused Plaintiff damages in the amount of the balance due on the credit card account.

8.      No part of the amount due and owing has been paid although payment has been duly demanded. That upon information and belief, Defendant's last payment posted to the account on 05/26/2009.

9.      Defendant(s) now owes Plaintiff $9137.45. Plaintiff waives any and all post-judgment interest.

## SECOND CAUSE OF ACTION – MONEY HAD AND RECEIVED

10.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 9 of this complaint with the same force and effect as if same were set forth more fully herein.

11.     In the alternative, and without waiving the foregoing, Defendant received and used (or authorized the use of) the credit card knowing that Plaintiff expected to be repaid for all charges incurred with the credit card. With each use of the card, Plaintiff paid money on Defendant's behalf to the merchant. Defendant is liable for repayment of such terms under the doctrine of money had

and received.

12.    Defendant(s) now owes Plaintiff $9137.45. Plaintiff waives any and all post-judgment interest.

### THIRD CAUSE OF ACTION – ACCOUNT STATED

13.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 12 of this complaint with the same force and effect as if same were set forth more fully herein.

14.    In the alternative, and without waiving the foregoing, prior to the commencement of this action statements of the claim were sent to Defendant which Defendant accepted and retained without objection.

15.    Defendant(s) now owes Plaintiff $9137.45. Plaintiff waives any and all post-judgment interest.

**WHEREFORE:**    Plaintiff demands judgment against Defendant(s) for the sum of $9137.45, together with the costs and disbursements of this action, waiving any and all post-judgment interest.


Dated: July 23, 2010

Fulton Friedman & Gullace LLP

Jason P. Verhagen, Esq. / Maria J. Reed, Esq.
Patricia A. Blair, Esq. / Dante Gullace, Esq.
Attorneys for Plaintiff
28 E. Main Street, Suite 500
Rochester, New York 14614
(866) 563-0809

FFG File # 249929
New York City Department of Consumer Affairs License Numbers 1328139, 1344745, 1344741