# EXHIBIT "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————————————x

YEKUSIEL SEBROW, an individual; on behalf
of himself and all others similarly situated,

                       Plaintiffs,

        vs.

FULTON, FRIEDMAN, & GULLACE, LLP, a
New York Limited Liability Partnership;
THOMAS MCCARTHY, individually and in
his official capacity; JASON P. VERHAGEN,
individually and in his official capacity;
MARIA J. REED, individually and in her
official capacity; PATRICIA A. BLAIR,
individually and in her official capacity;
DANTE GULLACE, individually and in his
official capacity; CYNTHIA L. FULTON,
individually and in her official capacity;
ALLAN J. FRIEDMAN, individually and in his
official capacity; and JOHN AND JANE DOES
NUMBERS 8 THROUGH 25,

                     Defendants.

————————————————————————x

CASE NO.:  1:10-cv-05897-DLI-RER

**CLASS SETTLEMENT AGREEMENT**

This Class Settlement Agreement dated as of June 22, 2012 ("Agreement"), is made and entered into by and among the following Parties, as those terms are defined herein: (i) Plaintiff, on behalf of himself and each of the Settlement Class members, by and through Plaintiff's and Settlement Class Counsel; and (ii) Defendant, Fulton Friedman & Gullace LLP, by and through its counsel of record in this Action. This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle all released rights and claims, as set forth below, subject to the terms and conditions set forth herein.

## RECITALS

1. **Parties.** Defendant, FULTON, FRIEDMAN & GULLACE, LLP, ("Defendant" or "FULTON FRIEDMAN"), and Plaintiff, YEKUSIEL SEBROW ("Plaintiff") individually, and as representative of the class of persons defined below in ¶ 9 (the "Settlement Class"), enter into this Agreement as to the claims of Plaintiff and the Settlement Class arising from Defendant's alleged written and verbal communications with Plaintiff and similarly situated consumers.

2. **Nature of litigation.** Plaintiff, individually and on behalf of a class, filed an amended complaint in the United States District Court for the Eastern District of New York, entitled "*YEKUSIEL SEBROW, an individual; on behalf of himself and all others similarly situated v. FULTON, FRIEDMAN, & GULLACE, LLP, a New York Limited Liability Partnership; THOMAS MCCARTHY, individually and in his official capacity; JASON P. VERHAGEN, individually and in his official capacity; MARIA J. REED, individually and in her official capacity; PATRICIA A. BLAIR, individually and in her official capacity; DANTE GULLACE, individually and in his official capacity; CYNTHIA L. FULTON, individually and in her official capacity; ALLAN J. FRIEDMAN, individually and in his official capacity; and JOHN AND JANE DOES NUMBERS 8 THROUGH 25*" (the "Litigation"), alleging that the Defendants engaged in false and misleading collection practices, and thereby violated the FDCPA, by sending written communications to Plaintiff and the Settlement Class that falsely implied, *inter alia*, that any individual is an attorney and that the communications received meaningful review or involvement from a licensed attorney.

3. **Voluntary Dismissal of Individual Defendants.** Following the execution of this Agreement, the Parties agree to file a Voluntary Stipulation and Order of Dismissal dismissing

any and all claims against THOMAS MCCARTHY, JASON P. VERHAGEN, MARIA J. REED, PATRICIA A. BLAIR, DANTE GULLACE, CYNTHIA L. FULTON, and ALLEN D. FRIEDMAN s/h/a "ALLAN J. FRIEDMAN", in both their individual and official capacities, with prejudice as to Plaintiff, and without prejudice as to the rights of the putative class members, and without liability, costs or attorney's fees.

4.     **Denial of Liability.** FULTON FRIEDMAN denies violating the FDCPA, denies any wrongdoing, and denies all liability to Plaintiff and the Settlement Class.  FULTON FRIEDMAN desires to settle the claims brought solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims related to its written communications that have been or could have been asserted by Plaintiff and the Settlement Class against FULTON FRIEDMAN in the Litigation.

5.     Plaintiff, individually and on behalf of the Settlement Class, desires to settle his claims against FULTON FRIEDMAN, having taken into account through Plaintiff's counsel the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the litigation will be further protracted and expensive.

6.     Plaintiff's counsel has investigated the facts and the applicable law. Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiff's counsel considers it to be in the best interest of the Settlement Class to enter into this Agreement.

7.     In consideration of the foregoing and other valuable consideration, Plaintiff, Plaintiff's counsel, and FULTON FRIEDMAN agree to settle the claims of the Plaintiff and the Settlement Class arising from the Defendant's alleged written communications, subject to the Court's approval, on the following terms and conditions.

**TERMS**

8.     **Effective Date.** This Agreement shall become effective (hereinafter the "Effective Date") upon the occurrence of the following events: (1) the Court enters a final approval order which: (a) approves this Agreement as fair, reasonable, and adequate to the Settlement Class; (b) finds that this Agreement is fair and made in good faith; and (c) dismisses Plaintiff and the Settlement Class members' claims alleged in the Complaint against FULTON FRIEDMAN with prejudice; and (2) (a) if the final approval order is not appealed, the expiration of five (5) days from the date that the final approval order becomes a final, non-appealable order; or (b) if the final approval order is appealed, the expiration of five (5) days after the final disposition of any such appeal, which final disposition affirms the Court's final approval order and orders the consummation of the settlement in accordance with the terms and provisions of this Agreement.

9.     **Certification of Settlement Class.** For the purposes of settlement, the Parties stipulate to the certification of the Settlement Class, which is defined as:

> (a) all persons in the State of New York; (b) to whom FULTON FRIEDMAN sent a written communication in the form attached as ***Exhibit A*** or ***Exhibit B*** to Plaintiff's First Amended Complaint; (c) in an attempt to collect a debt that was allegedly incurred for personal, family, or household purposes; (e) during the period beginning December 17, 2009 and ending January 18, 2011.

FULTON FRIEDMAN estimates that, based on its electronic records, there are approximately 22,000 people in the Settlement Class. FULTON FRIEDMAN has further provided financial statements for the most recent fiscal year, which indicate that its net worth is $500,434.00. The Defendant's foregoing estimates and contentions are subject to confirmation by the Parties.

10.    **Relief to Plaintiff and the FDCPA Settlement Class.** FULTON FRIEDMAN shall provide the following relief to Plaintiff and the Settlement Class:

-4-

(a)     FULTON FRIEDMAN will create a class settlement fund of $5,434.00 ("Class Recovery"), which Class Counsel will distribute as a *cy pres* payment to one or more charitable organizations without any religious or political affiliations. The Parties propose that the recipient of the *cy pres* payment will be the New York Legal Assistance Group, which is a non-profit organization that provides legal assistance to low-income and vulnerable New York residents with a variety of civil matters including, *inter alia*, issues ranging from immigration to domestic violence to elder law, special education, and health care. The Parties' foregoing choice of *cy pres* recipient is, however, subject to the Court's final approval.

(b)     FULTON FRIEDMAN shall pay $1,000.00 to Plaintiff for his statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i), plus an additional $1,500.00 in recognition for his services to the Settlement Class.

(c)     FULTON FRIEDMAN shall pay all costs associated with providing notice under this class settlement and all costs of administering the class settlement; DANTOM Systems, Inc., 170 Idaho Hill Road, Marion, MT 59925 is the company that will administer notice to the Settlement Class.

(d)     Subject to the Court's approval, FULTON FRIEDMAN shall pay $90,000.00 to counsel for Plaintiff and the Settlement Class as attorneys' fees and costs.

11.     Settlement Class members shall have forty-five (45) days after mailing of the notice of the proposed settlement to opt-out of, or object to, the proposed settlement.

12.     Any Settlement Class member may seek to be excluded from the Agreement by opting out within the time period set by this Court. Any Settlement Class members desiring to exclude themselves from the action must serve copies of the request on counsel for both Plaintiff and Defendant at the addresses listed in ¶ 26 of this Agreement by the date set by the Court. Any Settlement Class member who opts out of the Settlement Class and the Agreement shall not be bound by any prior court order or the terms of the Agreement and shall not be entitled to any of the monetary benefits set forth in the Agreement.

13.     Any Settlement Class member may object to this Agreement by sending said objection to the Clerk of the Court and to the addresses set forth in ¶ 26 of this Agreement within

the time period set by this Court Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that the proposed settlement is not in the best interests of the Settlement Class. Any Settlement Class member who objects to the settlement may appear at the Final Approval Hearing and be heard on the fairness of a settlement.

14.     On the Effective Date, Defendant shall distribute all monies set forth in ¶ 10(a), ¶ 10(b), and ¶ 10(d). Class Counsel shall distribute the money described in ¶ 10(a), ¶ 10(b), and ¶ 10(d) in accordance with the provisions set forth in ¶ 17. All monies set forth in ¶ 10(a), ¶ 10(b), and ¶ 10(d)  shall be distributed to Class Counsels addressed to Abraham Kleinman, Kleinman LLC, 626 RXR Plaza, Uniondale, NY 11556-0626. The check for the monies described in ¶ 10(a), ¶ 10(b), and ¶ 10(d) shall be made payable to "Kleinman LLC, Trust Account."

15.     **Release.** Upon the Effective Date, the Parties grant the following releases:

(a)     Plaintiff, YEKUSIEL SEBROW, including each and every one of his respective agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for his benefit, and any person claiming through him (collectively "Releasors"), releases and forever discharges FULTON, FRIEDMAN & GULLACE LLP, as well as its parent corporations, predecessors and successors in interest, present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns, in their individual and official capacities; THOMAS MCCARTHY, individually and in his official capacity, his spouse, and his heirs, successors, legal representatives, and assigns; JASON P. VERHAGEN, individually and in his official capacity, his spouse, and his heirs,

successors, legal representatives, and assigns; MARIA J. REED, individually and in her official capacity, her spouse, and her heirs, successors, legal representatives, and assigns; PATRICIA A. BLAIR, individually and in her official capacity, her spouse, and her heirs, successors, legal representatives, and assigns; DANTE GULLACE, individually and in his official capacity, his spouse, and his heirs, successors, legal representatives, and assigns; CYNTHIA L. FULTON, individually and in her official capacity, her spouse, and her heirs, successors, legal representatives, and assigns; ALLEN D. FRIEDMAN (s/h/a "ALLAN J. FRIEDMAN"), individually and in his official capacity, his spouse, and his heirs, successors, legal representatives, and assigns (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date of this Agreement. Without limiting the generality of the foregoing, Releasors release Released Parties of all claims that were made or that could have been made in this lawsuit including all claims relating to Defendants' collection activity.

(b)     Each member of the Settlement Class who does not opt out releases and forever discharges the Released Parties of all causes of action, suits, liability, and claims, including claims for the payment of attorney's fees and costs arising out of or related to the class claims set forth in Plaintiff's First Amended Complaint filed in the Litigation.

(c)    IT IS EXPRESSLY STATED that the releases above DO NOT release any claim or defense Plaintiff and each Settlement Class member may have with respect to the underlying debts which FULTON FRIEDMAN was attempting to collect on behalf of its clients, including, but not limited to, (1) whether any debt is in fact owed, or (2) the crediting of payments on any debt.

(d)    FULTON FRIEDMAN does **NOT** release its clients' claims, if any, against Plaintiff or any member of the Settlement Class for the payment of their alleged debts. The underlying alleged debts Defendant sought to collect are not affected by this Agreement. This Agreement does not prevent Defendant and/or their clients from continuing to attempt to collect the debts allegedly owed by the Settlement Class members.

16.    The releases are conditioned upon the approval of the Agreement by the Court and Defendant meeting its obligations herein.  If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the Parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

17.    **Attorneys' Fees, Notice Costs and Related Matters.** FULTON FRIEDMAN will pay all costs of notice and settlement administration, as described above in ¶ 10(c). Defendant will also pay the monies described in ¶ 10(a), ¶ 10(b), and ¶ 10(d). These amounts shall be paid by a single check made payable to "Kleinman LLC, Trust Account" and delivered within fourteen (14) days of the Effective Date. The foregoing check shall be delivered to Abraham Kleinman, Kleinman LLC, 626 RXR Plaza, Uniondale, NY 11556-0626. Settlement

Class Counsel shall be solely responsible for distributing the money described in ¶ 10(a), ¶ 10(b), and ¶ 10(d) within fourteen (14) days after receiving payment from FULTON FRIEDMAN.

18.     **Notice.** Within thirty (30) days of entry of the Preliminary Approval Order, FULTON FRIEDMAN shall, through the Class Administrator, cause actual notice in the form of ***Exhibit 1***, to be sent to the last known addresses of the Settlement Class members, according to Defendant's records. The Class Administrator shall distribute the notice via any form of U.S. Mail providing address forwarding. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, the Class Administrator shall cause to be forwarded any such returned notice to the address provided within four (4) days of receipt. Neither the Class Administrator, nor Defendant, nor Plaintiff is required to skip trace any letters that are returned as undeliverable.

19.     Defendant shall provide notice of this proposed class settlement to the appropriate state and federal authorities in compliance with the Class Action Fairness Act ("CAFA").

20.     **Preliminary Approval.** As soon as practicable after execution of this Agreement, the Parties shall make application to the Court for the Preliminary Approval Order, attached as ***Exhibit 2***, which:

(a)     Preliminarily approves this Agreement;

(b)     Certifies the Settlement Class defined in ¶ 9 for settlement purposes;

(c)     Appoints Plaintiff's counsel, William F. Horn, Robert L. Arleo, and Abraham Kleinman, as Counsel for the Settlement Class; ("Settlement Class Counsel");

(d)     Appoints YEKUSIEL SEBROW as the representative of the Settlement Class;

(e)     Sets dates for Settlement Class members to opt-out of, or object to; the proposed settlement;

(f)     Schedules a hearing for final approval of this Agreement;

(g)     Approves **_Exhibit 1_** hereto as notice to the Settlement Class, to be directed to the last known address of the Settlement Class members as shown on FULTON FRIEDMAN's records; and

(h)     Finds that mailing of the FDCPA Settlement Class notice and the other measures specified in ¶ 18 are the only notice required to the Settlement Class and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable laws.

21.     The Parties agree to request the form of notice attached hereto as **_Exhibit 1_** and propose the form of Preliminary Approval Order attached hereto as **_Exhibit 2_**.  The fact that the Court may require non-substantive changes in the notice or order does not invalidate this Agreement.

22.     **Final approval.**  At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this Agreement, and the expiration of at least ninety (90) days from the preliminary approval of the settlement (as required by CAFA), Plaintiff, Plaintiff's counsel/Settlement Class Counsel, FULTON FRIEDMAN's counsel, and FULTON FRIEDMAN shall request that the Court enter a Final Order:

(a)     approving the terms of this Agreement as fair, reasonable and adequate;

(b)     providing for the implementation of its terms and provisions;

(c)     certifying for purposes of settlement the Settlement Class;

(d)     finding that the notice given to the Settlement Class satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable laws;

(e)     dismissing the claims of Plaintiff and the Settlement Class alleged in the Amended Complaint with prejudice and without liability, attorneys' fees or costs except as otherwise set forth herein;

(f)     retaining exclusive jurisdiction to enforce the terms and provisions of this Agreement; and

(g)     directing Plaintiff, after all money has been distributed from the Class Recovery to file a notice apprising the Court that the terms of the Agreement have been complied with and providing the Court with an accounting of how the money in the Class Recovery was distributed.

23.     The Parties agree to request the form of Final Order attached hereto as ***Exhibit 3***. The fact that the Court may require non-substantive changes in the Final Order does not invalidate this Settlement Agreement.

24.     **Release of Attorneys' Lien.** In consideration of this Settlement Agreement, Plaintiff's counsel/Settlement Class Counsel hereby discharges and releases the "Released Parties," as defined in ¶ 15(a) above, of and from any and all claims for attorneys' fees, by lien or otherwise, other than the amount of fees and costs determined under ¶ 10(d), for legal services rendered by Plaintiff's counsel/Settlement Class Counsel.

25.     **Miscellaneous Provisions.**   The Parties and their attorneys agree to cooperate fully with one another in seeking approval of this Agreement, and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein. Whether or

not this Agreement is consummated, this Agreement shall in no event be construed as, or be deemed to be, evidence of an admission on the part of Defendant of any liability or wrongdoing whatsoever.

      26.    Notices and objections related to this Agreement shall be sent to:

> Clerk of Court
> UNITED STATES DISTRICT COURT
> Eastern District of New York
> 225 Cadman Plaza East
> Brooklyn, NY 11201

> William F. Horn, Esq.
> LAW OFFICE OF WILLIAM F. HORN
> 188-01B 71st Crescent
> Fresh Meadows, NY 11365
> Facsimile:  (866) 596-9003
> E-Mail: bill@wfhlegal.com

> Robert L. Arleo, Esq.
> LAW OFFICE OF ROBERT L. ARLEO
> 164 Sunset Park Road
> Haines Falls, New York 12436
> Facsimile: (518) 589-5264
> E-Mail: r.arleo@verizon.net

> Notices to Defendant shall be sent to:

> Jonathan B. Bruno Esq.
> Deborah M. Zawadzki, Esq.
> KAUFMAN BORGEEST & RYAN LLP
> 120 Broadway, 14th Floor
> New York, New York 10271
> Facsimile:  (212) 980-9291

The persons and addresses designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

      27.    The foregoing constitutes the entire agreement between the Parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all Parties hereto, and approved by the Court.

      28.    This Agreement may be executed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes.  The several signature pages may be

collected and annexed to one or more documents to form a complete counterpart.  Photocopies of executed copies of this Agreement may be treated as originals.

29.     Each and every term of this Agreement shall be binding upon and inure to the benefit of the Plaintiff, the Settlement Class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

30.     This Agreement shall be governed by and interpreted in accordance with the laws of New York.

31.     If final approval is granted, the Parties shall retain a list of Settlement Class members and a list of individuals who opted out of the settlement, for six months thereafter, and may destroy them after that period.

32.     If any Party commences any action arising out of this Agreement, including, without limitation, any action to enforce or interpret this Agreement, the prevailing party or parties in such action shall be entitled to recover their reasonable attorneys' fees and other expenses incurred in such action.  Any award of attorneys' fees and expenses hereunder shall not be computed according to any court schedule, but, instead, shall be in such amount as to fully reimburse all attorneys' fees and expenses actually incurred in good faith, regardless of the size of the judgment, since it is the intention of all Parties to compensate fully the prevailing party for all attorneys' fees and expenses paid or incurred in good faith.

**IN WITNESS WHEREOF**, the Parties hereto, acting by and through their respective

counsel of record, have so agreed.

**Defendant:**                                    **Plaintiff:**

FULTON, FRIEDMAN, & GULLACE, LLP

By: _____          _____
Dated: June ___, 2012                        YEKUSIEL SEBROW
                                             Dated: June ___, 2012


**Attorney for Defendant:**                       **Attorneys for Plaintiff:**

KAUFMAN, BORGEEST & RYAN, LLP                LAW OFFICE OF ROBERT L. ARLEO

_____                _____
Jonathan B. Bruno Esq.                       Robert L. Arleo, Esq.
Deborah M. Zawadzki, Esq.                    164 Sunset Park Road
120 Broadway, 14th Floor                     Haines Falls, New York 12436
New York, New York 10271                     Telephone: (518) 589-5264
Telephone: (212) 980-9600                    Facsimile: (518) 751-1801
Facsimile: (212) 980-9291                    E-Mail: r.arleo@verizon.net
Dated: June 22, 2012                         Dated: June 22, 2012


                                             LAW OFFICE OF WILLIAM F. HORN


                                             _____
                                             William F. Horn, Esq.
                                             188-01B 71st Crescent
                                             Fresh Meadows, NY 11365
                                             Telephone: (718) 785-0543
                                             Facsimile: (866) 596-9003
                                             E-Mail: bill@wfhlegal.com
                                             Dated: June 22, 2012


-14-

**IN WITNESS WHEREOF**, the Parties hereto, acting by and through their respective counsel of record, have so agreed.

**Defendant:**

FULTON, FRIEDMAN, & GULLACE, LLP

By: _____
Dated: June ___, 2012

**Attorney for Defendant:**

KAUFMAN, BORGEEST & RYAN, LLP

Jonathan B. Bruno Esq.
Deborah M. Zawadzki, Esq.
120 Broadway, 14th Floor
New York, New York 10271
Telephone: (212) 980-9600
Facsimile: (212) 980-9291
Dated: June 22, 2012

**Plaintiff:**

YEKUSIEL SEBROW
Dated: June ___, 2012  JULY 26, 2012

**Attorneys for Plaintiff:**

LAW OFFICE OF ROBERT L. ARLEO

Robert L. Arleo, Esq.
164 Sunset Park Road
Haines Falls, New York 12436
Telephone: (518) 589-5264
Facsimile: (518) 751-1801
E-Mail: r.arleo@verizon.net
Dated: June 22, 2012
July 31

LAW OFFICE OF WILLIAM F. HORN

William F. Horn, Esq.
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile: (866) 596-9003
E-Mail: bill@wfhlegal.com
Dated: June 22, 2012
July 31

-14-

KLEINMAN, LLC

Abraham Kleinman, Esq.
626 RXR Plaza
Uniondale, NY 11556-0626
Telephone: (516) 522-2621
Facsimile:  (888) 522-1692
E-Mail: akleinman@kleinmanllc.com
Dated: ~~June 22~~, 2012
       JULY 27, 2012

# EXHIBIT "1"

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| YEKUSIEL SEBROW, an individual; on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FULTON, FRIEDMAN, & GULLACE, LLP, a New York Limited Liability Partnership; *et al*,<br><br>Defendants. | CASE NO.:  1:10-cv-05897-DLI-RER<br><br><br><br>**NOTICE OF CLASS ACTION SETTLEMENT** |

**You are receiving this notice as you were identified as a recipient of a letter or a lawsuit from Fulton, Friedman & Gullace, LLP.**

*The case is titled Yekusiel Sebrow v. Fulton, Friedman & Gullace, LLP, et al., E.D.N.Y. Case No. 1:10-cv-05897-DLI-RER. A Federal court authorized this notice.*
*This is not a solicitation from a lawyer.*

**THIS IS A NOTICE OF A SETTLEMENT OF A CLASS ACTION LAWSUIT**
**THIS IS <u>NOT</u> A NOTICE OF A LAWSUIT AGAINST YOU.**

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **DO NOTHING BUT STAY IN THE SETTLEMENT CLASS** | By doing nothing, you will remain in the Class and be bound by the terms of the settlement. |
| **EXCLUDE YOURSELF** | You will retain your individual legal claims against the Defendant. |
| **OBJECT** | Write to the Court about why you don't like the settlement. You may also appear at the fairness hearing. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| 1. Why did I get this notice? | |

You are receiving this notice because you were identified as a person to whom Defendant, Fulton, Friedman & Gullace, LLP. ("Defendant" or "Fulton, Friedman") sent a letter or a served a lawsuit between December 17, 2009, and January 18, 2011.

## 2. What is this lawsuit about?

This lawsuit alleges that Fulton, Friedman & Gullace, LLP violated the federal Fair Debt Collection Practices Act ("FDCPA") by sending a letter that falsely implied that any individual is an attorney and that the communications received meaningful review or involvement from a licensed attorney. The lawsuit also alleges that Fulton, Friedman & Gullace, LLP violated the federal FDCPA by filing and serving lawsuits that falsely implied that the communications received meaningful review or involvement from a licensed attorney. Fulton, Friedman & Gullace, LLP filed an answer to the lawsuit denying all of these allegations and denying that it violated the FDCPA in any manner.

## 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Yekusiel Sebrow), sue on behalf of a group (or a "Class") of people who have similar claims regarding the written communications used by Fulton, Friedman & Gullace, LLP to collect a debts from consumers.

## 4. Why is there a settlement?

To avoid the cost, risk, and delay of litigation, the Parties reached a settlement agreement as to Plaintiff's and the Class's claims.

## 5. How do I know if I am a part of the settlement?

For settlement purposes, the Court has certified a Class consisting of all people who meet the following definition:

> (i) all persons in the State of New York; (ii) to whom FULTON FRIEDMAN sent a written communications in the form attached as ***Exhibit A*** or ***Exhibit B*** to Plaintiff's First Amended Complaint; (iii) in an attempt to collect a debt that was allegedly incurred for personal, family, or household purposes; (iv) during the period beginning December 17, 2009 and ending January 18, 2011.

Fulton, Friedman & Gullace, LLP estimates that, based on its electronic records, there are approximately 22,000 people in the Class. According to Fulton, Friedman & Gullace, LLP's records, you are a Class member.

2

## YOUR BENEFITS UNDER THE SETTLEMENT

**6. What can I get from the settlement?**

No direct payment will be tendered to individual class member. Based upon limitations set forth in the FDCPA, the Court may not award more than 1% of Fulton, Friedman & Gullace, LLP's net worth to the class; in fact, the Court may award less than 1%. However, Fulton, Friedman & Gullace, LLP has agreed to pay $5,443.00, which represents 1% of its net worth, and the maximum damages available under the FDCPA. Based upon this mandate, payments to each class member would be approximately $0.25 and, therefore, it is not feasible to distribute among more than 22,000 class members. Instead, Fulton, Friedman & Gullace, LLP will provide a "*cy pres*" payment of $5,443.00, which represents the maximum class recovery permitted under the FDCPA to a New York charitable organizations without any religious or political affiliations. Subject to the Court's approval, the Parties have designated New York Legal Assistance Group as the recipient of the Cy Pres payment.

**7. I want to be a part of the settlement, what do I do?**

If you wish to remain part of the settlement, then you do not need to do anything.

**8. What am I giving up to receive these benefits?**

By staying in the Class, all of the Court's orders will apply to you, and you give Defendant a "release." A release means you cannot sue or be part of any other lawsuit against Defendant about the claims or issues in this lawsuit with respect to the Defendant's written communications at issue in the Complaint.

**9. How much will the Class Representative receive?**

The Plaintiff, Yekusiel Sebrow, will receive a payment of $1,000.00 for his individual statutory damages under the FDCPA *plus* an additional payment of $1,500.00 for his services to the Class members. This payment subject to the Court's Approval.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to remain in the settlement, but you want to keep your legal claims against the Defendant, then you must take steps to exclude yourself from this settlement.

**10. How do I get out of the settlement?**

To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from *Yekusiel Sebrow v. Fulton, Friedman & Gullace, LLP, et al.,* E.D.N.Y. Case

No. 1:10-cv-05897-DLI-RER. Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request so that it is postmarked **no later than _____, 2012,** to:

Class Counsel:

| | | |
|---|---|---|
| William F. Horn, Esq. | Robert L. Arleo, Esq. | Abraham Kleinman, Esq. |
| LAW OFFICE OF WILLIAM F. HORN | LAW OFFICE OF ROBERT L. ARLEO | KLEINMAN, LLC |
| 188-01B 71st Crescent | 164 Sunset Park Road | 626 RXR Plaza |
| Fresh Meadows, NY 11365 | Haines Falls, New York 12436 | Uniondale, NY  11556-0626 |
| Telephone: (718) 785-0543 | Telephone: (518) 589-1016 | Telephone: (516) 522-2621 |
| Facsimile:  (866) 596-9003 | Facsimile:  (518) 751-1801 | Facsimile:  (888) 522-1692 |
| E-Mail: bill@wfhlegal.com | E-Mail: r.arleo@verizon.net | E-Mail: |
| | | akleinman@kleinmanllc.com |

*-- AND --*

Defendant's Counsel:

Jonathan B. Bruno, Esq.
KAUFMAN, BORGEEST & RYAN, LLP
120 Broadway, 14th Floor
New York, NY 10271
Facsimile:  (212) 980-9291

| 11. What happens if I exclude myself from this settlement? |
|---|

If you timely exclude yourself from the settlement, then you will have the right to sue Fulton, Friedman & Gullace, LLP over the disputed claims alleged in this case, either on your own or as a part of a different lawsuit. If you exclude yourself, the time you have in which to file your own lawsuit (called the "statute of limitations") will begin to run again. You will have the same amount of time to file the suit that you had when this case was filed.

## THE LAWYERS REPRESENTING YOU

| 12. Do I have a lawyer in this case? |
|---|

The Court has named the William F. Horn, Robert L. Arleo, and Abraham Kleinman as Class Counsel. You will not be charged for these lawyers; however, they will receive a payment from Fulton, Friedman & Gullace, LLP in an amount to be determined by and approved by the Court. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, he or she must file an appearance on or before _____, **2012**.

| 13. How will the lawyers be paid? |
|---|

Subject to the Court's approval, Fulton, Friedman & Gullace, LLP will pay Class Counsel a total of $90,000.00 as payment in full for their attorneys' fees and costs incurred with respect to the Plaintiff and the Class claims.

## CLASS COUNSEL'S VIEWS ABOUT THE SETTLEMENT

| 14. Is this a fair settlement? |
|---|

Class Counsel believes that this settlement is fair. The claims asserted on behalf of the Class against Fulton, Friedman & Gullace, LLP are under the FDCPA. The FDCPA is a federal statute that provides for both individual actions and class actions. In an individual action, the person bringing the suit may recover (i) any actual damages suffered; and (ii) statutory damages of between $0 and $1,000.00. (Plaintiff's complaint does not allege any actual damages.) In a class action, the maximum possible recovery is (i) any actual damages suffered by the class members and (ii) the lesser of 1% of the Defendant's net worth or $500,000.00. The Court, in its discretion, may award anything up to the maximum amount to a prevailing party. In either an individual or class action, the person bringing the suit may also recover attorneys' fees and the expenses of prosecuting the suit, if the lawsuit is successful.

The Plaintiff did not allege any actual damages for the legal claims in this lawsuit. As such, in this lawsuit the class recovery of $5,443.00 is the maximum class damages permitted under the FDCPA and, because it is too small to reasonably divide between the 22,000 class members, it will be sent to New York Legal Assistance Group as a *cy pres* payment.

| 15. What is the Defendant's view of this settlement? |
|---|

As stated above, by settling this lawsuit Fulton, Friedman & Gullace, LLP is not admitting that it has done anything wrong. Fulton, Friedman & Gullace, LLP expressly denies the claims asserted by the Plaintiff and denies all allegations of wrongdoing and liability.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

| 16. How do I tell the Court that I do not like the Settlement? |
|---|

If you are a Class member, you can object to the settlement. In order to object to the settlement or any part of the settlement, you must send a letter (or legal brief) stating that you object and the reasons why you think the Court should not approve the settlement. You must include the name and number of the case: *Yekusiel Sebrow v. Fulton, Friedman & Gullace, LLP, et al.,* E.D.N.Y. Case No. 1:10-cv-05897-DLI-RER, your name, address, telephone number, and your signature.

If you are objecting to the settlement, you may also appear at the fairness hearing (explained below in answer to question no. 17). You must mail your objection so that it is postmarked no later than _____, **2012** to**:**

>    Clerk of the Court, United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201

You must also send a copy of your objection to:

Class Counsel:

| | | |
|---|---|---|
| William F. Horn, Esq. | Robert L. Arleo, Esq. | Abraham Kleinman, Esq. |
| LAW OFFICE OF WILLIAM F. HORN | LAW OFFICE OF ROBERT L. ARLEO | KLEINMAN, LLC |
| 188-01B 71st Crescent | 164 Sunset Park Road | 626 RXR Plaza |
| Fresh Meadows, NY 11365 | Haines Falls, New York 12436 | Uniondale, NY  11556-0626 |
| Telephone: (718) 785-0543 | Telephone: (518) 589-1016 | Telephone: (516) 522-2621 |
| Facsimile:  (866) 596-9003 | Facsimile:  (518) 751-1801 | Facsimile:  (888) 522-1692 |
| E-Mail: bill@wfhlegal.com | E-Mail: r.arleo@verizon.net | E-Mail: akleinman@kleinmanllc.com |

*-- AND --*

Defendant's Counsel:

Jonathan B. Bruno, Esq.
KAUFMAN, BORGEEST & RYAN, LLP
120 Broadway, 14th Floor
New York, NY 10271
Facsimile:  (212) 980-9291

# THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend if you wish, but you are not required to do so.

| 17. Where and when is the fairness hearing? |
|---|

The Court will hold a fairness hearing on _____, **2012 at** _____**a.m./p.m.** in the courtroom of the Honorable Dora L. Irizarry, U.S. District Court Judge, 225 Cadman Plaza East, Courtroom 4A S, Brooklyn, New York 11201. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable, and adequate and in the best interests of the Class and to determine the appropriate amount of compensation for Class Counsel. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.
YOU ARE **NOT** REQUIRED TO ATTEND THIS HEARING The hearing may be postponed to a later date without notice.

## GETTING MORE INFORMATION – CONTACT:

Class Counsel:

| | | |
|---|---|---|
| William F. Horn, Esq. | Robert L. Arleo, Esq. | Abraham Kleinman, Esq. |
| LAW OFFICE OF WILLIAM F. HORN | LAW OFFICE OF ROBERT L. ARLEO | KLEINMAN, LLC |
| 188-01B 71st Crescent | 164 Sunset Park Road | 626 RXR Plaza |
| Fresh Meadows, NY 11365 | Haines Falls, New York 12436 | Uniondale, NY 11556-0626 |
| Telephone: (718) 785-0543 | Telephone: (518) 589-1016 | Telephone: (516) 522-2621 |
| Facsimile: (866) 596-9003 | Facsimile: (518) 751-1801 | Facsimile: (888) 522-1692 |
| E-Mail: bill@wfhlegal.com | E-Mail: r.arleo@verizon.net | E-Mail: akleinman@kleinmanllc.com |

## <u>DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE</u>

## <u>LITIGATION TO THE CLERK OF THE COURT OR TO THE JUDGE.</u>

<u>They are not permitted to answer your questions.</u>

# EXHIBIT "2"

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| YEKUSIEL SEBROW, an individual; on behalf of himself and all others similarly situated, | CASE NO.:  1:10-cv-05897-DLI-RER |
| Plaintiffs, | |
| vs. | |
| FULTON, FRIEDMAN, & GULLACE, LLP, a New York Limited Liability Partnership; THOMAS MCCARTHY, individually and in his official capacity; JASON P. VERHAGEN, individually and in his official capacity; MARIA J. REED, individually and in her official capacity; PATRICIA A. BLAIR, individually and in her official capacity; DANTE GULLACE, individually and in his official capacity; CYNTHIA L. FULTON, individually and in her official capacity; ALLAN J. FRIEDMAN, individually and in his official capacity; and JOHN AND JANE DOES NUMBERS 8 THROUGH 25, | **PRELIMINARY APPROVAL ORDER** |
| Defendants. | |

---

The Court, having considered the Plaintiff's motion for preliminary approval (the "Motion"), hereby grants preliminary approval to the Class Settlement Agreement ("Agreement") between Plaintiff, YEKUSIEL SEBROW ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant, FULTON, FRIEDMAN & GULLACE, LLP ("Defendant" or "FULTON, FRIEDMAN").

**WHEREFORE**, with respect to certifying this action as a class action for settlement purposes the Court finds:

      A.      The Settlement Class is so numerous that joinder of all members is impracticable;

      B.      There are questions of law and fact common to the proposed Settlement Class.

C.     The individual claims of Plaintiff are typical of the claims of the Settlement Class;

D.     Plaintiff is an appropriate and adequate representative for the Settlement Class;

E.     The questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members;

F.     A class action is superior to other methods for fairly and efficiently settling this controversy;

G.     With respect to the appointment of Settlement Class Counsel under Fed. R. Civ. P. 23(g), the Court finds, after consideration of the factors described in Fed. R. Civ. P. 23(g)(1)(A), Plaintiff's counsel, William F. Horn, Robert L. Arleo, and Abraham Kleinman, will fairly and adequately represent the interests of the Settlement Class;

H.     With respect to the proposed Agreement, after consideration of the Agreement attached as ***Exhibit A*** to the Motion, the Court makes the preliminary finding, subject to a final hearing, that the proposed settlement is fair, reasonable, and adequate;

I.     and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED**:

1.     Pursuant to Fed. R. Civ. P. 23(c)(1), the Court certifies this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) and, in accordance with Fed. R. Civ. P. 23(c)(1)(B):

     (a) defines the "Settlement Class" as (i) all persons in the State of New York; (ii) to whom FULTON FRIEDMAN sent a written communications in the form attached as ***Exhibit A*** or ***Exhibit B*** to Plaintiff's First Amended Complaint; (iii) in an attempt to collect a debt that was allegedly incurred for personal, family, or

household purposes; (iv) during the period beginning December 17, 2009 and ending January 18, 2011.

(b)     defines the "Class Claims" as those claims arising from Defendant's written collection communications in the form attached as ***Exhibit A*** or ***Exhibit B*** to Plaintiff's First Amended Complaint, which Plaintiff contends falsely implied, *inter alia*, that any individual is an attorney and that the communications received meaningful review or involvement from a licensed attorney;

(c)     appoints Plaintiff as the Class Representative; and

(d)     appoints Plaintiff's counsel, William F. Horn, Robert L. Arleo and Abraham Kleinman, as Class Counsel.

2.     The Court approves the Parties' proposed Class Notice and directs it be mailed to the last known address of the Settlement Class members as shown in Defendant's records. Defendant will cause the Class Notice to be mailed to Settlement Class members on or before _____, 2012 (thirty (30) days after entry of the preliminary approval order). Defendant will have the notice sent by any form of U.S. Mail providing forwarding addresses.

3.     The Court finds that mailing of the Class Notice is the only notice required and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

4.     Settlement Class members shall have until _____, 2012 (the first business day after the 45th day after the initial mailing of the Class Notice) to exclude themselves from or object to the proposed settlement. Any Settlement Class

members desiring to exclude themselves from the action must serve copies of the request on Class Counsel and Defendant's counsel by that date. Any Settlement Class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Eastern District of New York, and serve copies of the objection on Class Counsel and Defendant's counsel by that date. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that proposed settlement is not in the best interests of the class. Objectors who have filed written objections to the settlement may also appear at the hearing and be heard on the fairness of a settlement. To be effective, the request for exclusion or objection must be postmarked by _____, 2012.

5.    Defendant shall file with the Court proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

6.    A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by Class Counsel will be held on _____, 2012 at _____ a.m.


**IT IS SO ORDERED:**


_____
HONORABLE DORA L. IRIZARRY
Judge, United States District Court

Dated:

4

# EXHIBIT "3"

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

—————————————————————————x

YEKUSIEL SEBROW, an individual; on behalf
of himself and all others similarly situated,

                    Plaintiffs,

        vs.

FULTON, FRIEDMAN, & GULLACE, LLP, a
New York Limited Liability Partnership;
THOMAS MCCARTHY, individually and in
his official capacity; JASON P. VERHAGEN,
individually and in his official capacity;
MARIA J. REED, individually and in her
official capacity; PATRICIA A. BLAIR,
individually and in her official capacity;
DANTE GULLACE, individually and in his
official capacity; CYNTHIA L. FULTON,
individually and in her official capacity;
ALLAN J. FRIEDMAN, individually and in his
official capacity; and JOHN AND JANE DOES
NUMBERS 8 THROUGH 25,

                    Defendants.

—————————————————————————x

CASE NO.:  1:10-cv-05897-DLI-RER

**PRELIMINARY APPROVAL ORDER**

Upon consideration of the Parties' request for final approval of the Class Settlement

Agreement ("Agreement") between Plaintiff, YEKUSIEL SEBROW ("Plaintiff"), individually,

and as representative of the class of persons defined below ("Settlement Class"), and Defendant,

FULTON, FRIEDMAN & GULLACE, LLP ("Defendant" or "FULTON, FRIEDMAN"), the

Court orders and finds as follows:

    1.     This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff,

Settlement Class members, and Defendant.

    2.     The following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

(i) all persons in the State of New York; (ii) to whom FULTON
FRIEDMAN sent a written communications in the form attached as

**_Exhibit A_** or **_Exhibit B_** to Plaintiff's First Amended Complaint; (iii) in an attempt to collect a debt that was allegedly incurred for personal, family, or household purposes; (iv) during the period beginning December 17, 2009 and ending January 18, 2011.

3.      Based on the Parties' stipulations: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Settlement Class members, and included whether or not Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, _et seq._ by sending standardized collection letters and lawsuits to the Plaintiff and Settlement Class members which written communications allegedly made false implications that any individual is an attorney and that the communications received meaningful review or involvement from a licensed attorney; (C) the claims of Plaintiff are typical of the Settlement Class members' claims; (D) Plaintiff is an appropriate and adequate representative for the Class and his attorneys, William F. Horn, Robert L. Arleo, and Abraham Kleinman, are hereby appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class members.

4.      The Court approved a form of notice for mailing to the Settlement Class. The Court is informed that actual notice was sent by first class mail to approximately _____Settlement Class members by DANTOM Systems, Inc., the settlement administrator. A total of _____envelopes were returned by the United States Postal Service, _____of which were returned with forwarding addresses and re-mailed. _____ Settlement Class members requested exclusion, and _____objections were filed or received.

5.      On _____, 2012, the Court held a fairness hearing to which Settlement Class members, including any with objections, were invited. Excluded from the

Settlement Class are those persons, identified in <u>Exhibit A</u> hereto, who timely and validly requested exclusion.

6.    The Court finds that provisions for notice to the class satisfy the requirements due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

7.    The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the Parties, including the Release and payments by Defendant. Upon the Effective Date, as that term is defined in the Agreement, Defendant shall make the following payments:

(a)    Defendant will create a class settlement fund of $5,434.00 ("Class Recovery"), which Settlement Class Counsel shall distribute to the New York Legal Assistance Group as a *cy pres* payment.

(b)    Defendant shall pay Plaintiff $2,500.00.

(c)    Class Counsel will receive attorneys' fees and costs in the amount of $90,000.00. Class Counsel will not request additional fees or costs from Defendant or the Settlement Class members.

8.    The Parties grant the following releases:

(a)    Plaintiff, including each and every one of his respective agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for his benefit, and any person claiming through him (collectively "Releasors"), releases and forever discharges FULTON, FRIEDMAN & GULLACE LLP, as well as its parent corporations, predecessors and successors in interest, present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns, in their individual and official capacities; THOMAS MCCARTHY, individually and in his official capacity, his spouse, and his heirs, successors, legal representatives, and assigns; JASON P. VERHAGEN, individually and in his official capacity, his spouse, and his heirs, successors, legal representatives, and assigns; MARIA J. REED, individually and in her official capacity, her spouse, and her heirs, successors, legal representatives, and assigns; PATRICIA A. BLAIR, individually and in her official capacity, her spouse, and her heirs, successors, legal representatives, and assigns; DANTE GULLACE, individually and in his official capacity, his spouse, and his heirs, successors, legal representatives, and assigns; CYNTHIA L. FULTON, individually and in her

official capacity, her spouse, and her heirs, successors, legal representatives, and assigns; ALLEN D. FRIEDMAN (s/h/a "ALLAN J. FRIEDMAN"), individually and in his official capacity, his spouse, and his heirs, successors, legal representatives, and assigns (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date of this Agreement. Without limiting the generality of the foregoing, Releasors release Released Parties of all claims that were made or that could have been made in this lawsuit including all claims relating to Defendants' collection activity.

(b)    Each member of the Settlement Class who did not opt out releases and discharges the RELEASED PARTIES of all causes of action, suits, liability, and claims including the payment of attorney's fees and costs arising from or relating to Defendant's written communications in the form attached as ***Exhibit A*** or ***Exhibit B*** to Plaintiff's First Amended Complaint.

(c)    IT IS EXPRESSLY STATED that the releases above DO NOT release any defense Plaintiff and each Settlement Class member may have with respect to the underlying debts which Defendant was attempting to collect including, but not limited to, (i) whether any debt is in fact owed, (ii) the crediting of payments on any debt, or (iii) the proper reporting of any debts to credit bureaus.

(d)    Defendant does NOT release its claims, if any, against Plaintiff or any member of the Settlement Class for the payment of their debts. The underlying debts Defendant sought to collect are not affected by this Agreement. This Agreement does not prevent Defendant from continuing to attempt to collect the debts allegedly owed by the Settlement Class members.

9.    The Court finds the Agreement is fair and made in good faith.

10.    The terms of the Agreement are incorporated into this order. This order shall operate as a final judgment and dismissal without prejudice of the claims in this action.

11.    The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this order.

12.    The Court retains exclusive jurisdiction to enforce the terms and provisions of the Agreement and this order.

4

13.     The Parties are hereby ordered to comply with the Terms of the Agreement and this order.

**IT IS SO ORDERED:**

_____

HONORABLE DORA L. IRIZARRY
Judge, United States District Court

Dated: