## Law Office of William F. Horn
188-01B 71st Crescent
Fresh Meadows, New York 11365
Telephone: (718) 785-0543
Facsimile: (866) 596-9003
bill@wfhlegal.com

September 11, 2012

Hon. Dora L. Irizarry, U.S.D.J.
UNITED STATES DISTRICT COURT
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> RE:   *Sebrow, et al. v. Fulton, Friedman & Gullace, LLP*
> E.D.N.Y. Case No. 1:10-cv-05897-DLI-RER

Dear Judge Irizarry,

I am co-counsel for the Plaintiff. I am writing on behalf of all Parties in joint response to Your Honor's Oder dated September 10, 2012, which directed them to "resubmit the [Letter Brief filed as Doc. 64] with Westlaw citations…." Pursuant to the Court's Order dated August 22, 2012, Your Honor directed the Parties, in relevant part, to:

> "provide the court, by letter not to exceed three pages, arguments as to whether the parties' proposed method of notifying the class members comports with due process in light of *Hecht*…."

The Parties have reviewed and discussed the Second Circuit's recent decision in *Hecht v. United Collection Bureau, Inc.*, __ F.3d __, 2012 WL 3538269 (2d Cir. Aug. 17, 2012) and, for the reasons set forth below, determined that no additional notice to class members is required beyond that which is proposed in Plaintiff's pending Unopposed Motion for Preliminary Approval of Class Settlement Agreement [Doc. Doc. 62-1, ¶4(e); Doc. 62-2, Exh. 1].

In *Hecht*, the class settlement, and method of providing notice to class members, which were at issue are materially different than that which is now before the Court in this action. The Second Circuit in *Hecht* reversed the decision of the district court, which had dismissed the plaintiff's claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, as precluded by a judgment in a prior class action, *Gravina v. United Collection Bureau, Inc.,* No. 09 Civ. 4816 (E.D.N.Y. Nov. 29, 2010) (A copy of the Court's Final Order in *Gravina* is attached). *See, Hecht,* 2012 WL 3538269 at *1. In *Gravina*, the parties therein had entered into a nationwide class settlement which sought to resolve the claims of a pool "of more than two million potential class members" and stated it was impractical to calculate the precise number of class members. *Id.* As part of the *Gravina* class settlement, the defendant therein agreed to the

1983119

Hon. Dora L. Irizarry, U.S.D.J.
*Sebrow v. Fulton, Friedman & Gullace, LLP*
September 11, 2012
Page 2

court's entry of a permanent injunction concerning its collection conduct and further agreed to pay twice the amount of statutory damages available under the FDCPA. *Id.* at *2.

In approving the class settlement in *Gravina*, the court found the award of damages to be incidental to the injunction and, therefore, certified the national class pursuant to Fed. R. Civ. P. 23(b)(2), and directed the parties to provide notice to the class members via a one-time publication in *USA Today* advising them of their right to opt-out of, or object to, the settlement. *Id.* The Second Circuit in *Hecht* determined that the claim for monetary relief in *Gravina* did not "predominate" over the claim for injunctive relief and, therefore, absent class members had a due process right to notice and an opportunity to opt out of class litigation, and that such notice must be "the best practicable, reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at *5 (Internal quotes and citations omitted). The Second Circuit in *Hecht* further ruled that the manner of providing notice to class members in *Gravina* (i.e., a one-time publication in *USA Today*) did not comport with due process as it was an inadequate means of providing notice to class members before depriving them of their respective individual right to sue for money damages of up to $1,000.00 under the FDCPA. *Id.* at *6.

In stark contrast to *Gravina*, the Parties here seek only to certify a class of New York consumers pursuant to Fed. R. Civ. P. 23(b)(3), which consists of approximately 22,000 class members whose <u>identities are readily ascertainable</u> from the Defendant's business records. The proposed class is defined as:

> (i) all persons in the State of New York; (ii) to whom FULTON FRIEDMAN sent a written communications in the form attached as Exhibit A or Exhibit B to Plaintiff's First Amended Complaint; (iii) in an attempt to collect a debt that was allegedly incurred for personal, family, or household purposes; (iv) during the period beginning December 17, 2009 and ending January 18, 2011.

[Doc. 62-1, ¶4(a)]. Additionally, unlike *Gravina*, the Parties here have agreed to provide <u>each</u> class member with individual "actual notice" via first class U.S. Mail in the form of a 7 page written notice, which fully -- and in plain, easily understood, language -- describes the action and class members' rights. [Doc. 62-1, ¶4(e); Doc. 62-2, Exh. 1]. The content and form of the Parties' proposed notice will allow class members to make informed choices regarding their rights in this action including their right to opt-out of, or object to, the settlement. Pursuant to the Parties' settlement, the proposed notice will be mailed to each class member's last known addresses according to Defendant's records. *Id.* As an additional safeguard, each notice shall be sent "with a request for forwarding addresses" and, if a notice is returned as "undeliverable" and a forwarding address is provided, the Class Administrator shall cause any such returned notice to be forwarded to the address provided within four (4) business days of receipt. *Id.*

Notice sent by first-class mail is the "best practicable" notice where, as here, class members can be identified. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) (due process was satisfied when fully descriptive notice was sent by first-class mail to each class member). That said, the U.S. Mail is not failsafe and, therefore, the "best notice that is practicable" standard

Hon. Dora L. Irizarry, U.S.D.J.
*Sebrow v. Fulton, Friedman & Gullace, LLP*
September 11, 2012
Page 3

does not require that each and every class member actually receive notice. *Weinberger v. Kendrick*, 698 F.2d 61, 71 (2d Cir. 1982) (method of notice may be proper despite evidence that some class members failed to receive notice); *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 145, 169 (2d Cir. 1987) (large number of mailed notices that were returned undelivered were inevitable); see also, *Peters v. National R.R. Passenger Corp.*, 966 F.2d 1483, 1486-1487 (D.C. Cir. 1992). Provided that a court orders notice to unnamed class members under Rule 23(c)(2), and provided that the notice ordered is the "best notice that is practicable," that judgment will bind all class members even if it was not received by some individual unnamed class members. *In re Marsh & McLennan Cos., Inc. Sec. Litig.*, 2009 WL 5178546 (S.D.N.Y. Dec. 23, 2009) citing *Silber v. Mabon*, 18 F.3d 1449, 1453 (9th Cir. 1994).

With respect to the Court's concern regarding notice to any potential "absent class members," they would not be bound by the Parties' class settlement and judgment if they can show some basis other than mere "non-receipt" for concluding that notice by mail, as given, was not reasonably calculated to actually reach them. *Shutts*, 472 U.S. at 813; see also, *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374 (9th Cir. 1993).

In light of the foregoing, the Parties respectfully submit that their proposed class settlement and method of providing notice to the class is the "best practicable…under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" and, thus, comports with the Second Circuit's guidance in *Hecht* concerning notice requirements for satisfying due process in the context of a FDCPA class action. *See, Hecht, supra,* at *15-18; see also, Fed. R. Civ. P. 23(c)(2)(B); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313, (1950) (due process does not require individual notice in all circumstances, but requires actual notice to those whose identity and location may easily be ascertained); *Shutts*, 472 U.S. at 812 (1985); see also, *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d at 169.

Accordingly, the Parties jointly request that the Court grant Plaintiff's pending Unopposed Motion for Preliminary Approval of their Class Settlement Agreement [Doc. 62]. Finally, a condition of the settlement includes the dismissal of the individual defendants with prejudice. A proposed Stipulation and Order to Dismiss with Prejudice was filed with the Court on August 1, 2012 [Doc. 63]. The Parties jointly request that the Court "so order" the stipulation.

Respectfully submitted,
*s/ William F. Horn*
William F. Horn
*Encl:stated*
*via ECF Filing Only*
cc:     All Counsel of Record *via ECF Filing Only*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------x

JOANN GRAVINA, an individual; ANTHONY
FELIX, an individual; on behalf of themselves
and all others similarly situated,

                Plaintiffs,

vs.

UNITED COLLECTION BUREAU, INC., an
Ohio Corporation; and JOHN AND JANE
DOES NUMBERS 1 THROUGH 25,

                Defendants.

---------------------------------------------------------x

CASE NO.: 2:09-cv-04816-LDW-AKT

**FINAL ORDER**

**WHEREFORE**, It appearing to the Court that:

A.    On September 7, 2010, this Court entered a Preliminary Approval Order which, among other things, certified this lawsuit to proceed as a class action for settlement purposes only, defined the Settlement Class and Settlement Class Claims, appointed Settlement Class Counsel, preliminarily approved the proposed Stipulation of Settlement which would be binding on the Settlement Class, provided for notice to the Settlement Class including an opportunity for Settlement Class members to request exclusion from the Settlement Class and to object to the proposed Stipulation of Settlement, and scheduled a hearing ("Final Hearing") for October 14, 2010, at 10:30 a.m. to consider any objections and to determine whether the proposed settlement is fair, reasonable, and adequate [Doc. 29];

B.    On September 15, 2010, this Court entered an amended Preliminary Approval Order which, rescheduled the Final Hearing for November 9, 2010, at 10:00 a.m. to consider any objections and to determine whether the proposed settlement is fair, reasonable, and

adequate [Doc. 32];

C. On September 20, 2010, the class notice approved by the Court in the Preliminary Approval Order and directed to members of the Settlement Class was published in accordance with that Order in the Monday edition of *USA Today*, which is a newspaper with national distribution;

D. To date, no Settlement Class members have elected to opt-out of, or object to, the proposed Class Settlement;

E. In satisfaction of Fed. R. Civ. P. 23(e)(3), a copy of the Stipulation of Settlement was provided to the Court with the Parties Joint Motion seeking the entry of the Preliminary Approval Order;

F. In the Stipulation of Settlement, Defendant, United Collection Bureau, Inc., consented to the entry of an injunction;

G. On November 9, 2010, in accordance with the amended Preliminary Approval Order [Doc. 32] and Fed. R. Civ. P. 23(e)(2), counsel for the Parties timely appeared for the Final Hearing and no other objectors nor anyone else appeared, and the Court having concluded that the proposed settlement is fair, reasonable, and adequate; and

H. The Court being duly advised in the premises, and for good cause;

**IT IS HEREBY ORDERED AND ADJUDGED**:

1. The Court confirms its certification in the Certification of Settlement Class and Preliminary Approval Order of this lawsuit as a class action for settlement purposes only and, in accordance with Fed. R. Civ. P. 23(c)(1)(B):

   (a) defines the "Settlement Class" as all persons with addresses in the United States of America who received a message left by Defendant on a telephone answering

device which did not identify Defendant itself by name as the caller, state the purpose or nature of the communication, or disclose that the communication was from a debt collector and which message was left after one-year immediately preceding the filing of the initial complaint up through and including the date of this Order; and

(b) defines the "Settlement Class Claims" as those claims arising from messages left by Defendant for Class members on telephone answering devices, and other telephone communications with consumers, which failed to meaningfully identify the Defendant by name as the caller, state the purpose or nature of the communication, or disclose that the communication was from a debt collector.

2. The Court declares that the notice to the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23 and due process.

3. The Court declares that the terms of the settlement, as set forth in the Stipulation, are fair, reasonable and adequate.

(a) The Court approves the disbursement of the *cy pres* payment as provided for in Paragraph 2.3(b) of the Stipulation of Settlement to the following charitable institution, _Make-A-Wish Foundation of Suffolk County, 1 Comac Loop, 1A1, Ronkonkoma, NY 11779_ in the amount of $13,254.01.

(b) The Court approves the disbursement of the *cy pres* payment as provided for in Paragraph 2.3(b) of the Stipulation of Settlement to the following charitable institution, _Western Center on Law and Poverty_ in the amount of $13,254.01.

4. The Court approves the award of attorneys' fees and costs to Settlement Class Counsel as provided for in the Stipulation of Settlement and declares such fees and costs to be fair and reasonable.

5. The parties are directed to implement the settlement in accordance with the Stipulation of Settlement.

6. In accordance with the Stipulation of Settlement:

(a) "Released Parties" means Defendant and Defendant's past or present officers, directors, partners, agents, employees, attorneys, accountants or auditors, consultants, legal representatives, insurers, predecessors, successors, assigns, parents, subsidiaries, divisions, and any entity that controls the Defendant;

(b) as of the "Effective Date" (as defined in the Stipulation of Settlement), each member of the Settlement Class is deemed to release and forever discharge the Released Parties from the Settlement Class Claims; and

(c) as of the "Effective Date" (as defined in the Stipulation of Settlement), each Settlement Class Representative is deemed to release and forever discharge the Released Parties from all causes of action, controversies, actions, demands, torts, damages, costs, attorneys' fees, moneys due on account, obligations, judgments, alleged violations of the FDCPA and liabilities of any kind whatsoever in law or equity, arising out of the Stipulation of Settlement or imposed by federal or state statute, common law, or otherwise, from the beginning of time to the date the Stipulation of Settlement was signed, whether or not known now, anticipated, unanticipated, suspected or claimed, fixed or contingent, whether yet accrued or not and whether damage has resulted from such or not.

7. Defendant, United Collection Bureau, Inc., is permanently enjoined as follows:

   (a) In all telephone voice messages left by Defendant for consumers on telephone answering devices, the Defendant will use its best efforts to ensure that it meaningfully identifies itself by stating its company name as the caller, accurately stating the purpose or nature of the communication, and disclosing that the communication is from a debt collector;

   (b) In accordance with Fed. R. Civ. P. 65(d)(2), this injunction is binding on Defendant, its officers, agents, servants, employees and attorneys, as well as all those in active concert or participation with any of them; and

   (c) In any proceeding seeking relief based on Defendant's violation of this injunction, Defendant may not be held in violation if Defendant "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. §1692k(c).

8. The Court retains jurisdiction over the interpretation, enforcement, and implementation of the Stipulation of Settlement and this Final Order. Except as retained, all claims against all Defendants are dismissed with prejudice and without taxing costs.

IT IS SO ORDERED:

HONORABLE LEONARD D. WEXLER
Senior Judge, United States District Court

Dated: November 29, 2010
Central Islip, N.Y.