**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

——————————————————— x

YEKUSIEL SEBROW, an individual; on behalf
of himself and all others similarly situated,

Plaintiffs,

vs.

FULTON, FRIEDMAN, & GULLACE, LLP, a
New York Limited Liability Partnership;
THOMAS MCCARTHY, individually and in his
official capacity; JASON P. VERHAGEN,
individually and in his official capacity; MARIA
J. REED, individually and in her official
capacity; PATRICIA A. BLAIR, individually
and in her official capacity; DANTE GULLACE,
individually and in his official capacity;
CYNTHIA L. FULTON, individually and in her
official capacity; ALLAN J. FRIEDMAN,
individually and in his official capacity; and
JOHN AND JANE DOES NUMBERS 8
THROUGH 25,

Defendants.

——————————————————— x

CASE NO.:  1:10-cv-05897-DLI-RER

**DECLARATION OF WILLIAM F. HORN
IN SUPPORT OF UNOPPOSED MOTION
FOR FINAL APPROVAL OF CLASS
SETTLEMENT AGREEMENT
AND RELEASE**

I, William F. Horn, of full age, hereby certify as follows:

1.     I am an attorney duly admitted to practice law in the State of New York and the

Bar of this Court. I am one of the Class Counsel in the above-entitled action [Doc. 70]. As such,

I am familiar with all of the facts set forth herein and state them to be true. I submit this affidavit

in support of Plaintiff's Unopposed Motion for Final Approval of Class Settlement Agreement

and Release.

2.      I have been admitted to practice law in the State of New York since 1995 and have remained a member in good standing since that time. I am also admitted to practice law before the United States District Courts for the Eastern District of New York and for the Southern District of New York since 1997, and the United States District Courts for the Northern District of New York and Western District of New York since 2010. I am also admitted to practice before the bar of the Eastern District of Michigan and the Northern District of Illinois. Further, I am also admitted to practice law before the United States Court of Appeals for the Second Circuit since 2012.

3.      My license to practice law has never been suspended or revoked by the State of New York or by any court. There are no disciplinary proceedings pending against me in any jurisdiction and no discipline has previously been imposed on me in any jurisdiction.

4.      I received my bachelor's degree from the University of Pennsylvania in 1983 and graduated from Brooklyn Law School in 1994. I also hold a Master of Science degree in Real Estate Development, which I earned from New York University in 1994.

5.      Prior to attending law school, I worked in the finance and real estate sectors. From 1989 to 1991, I worked for Baring Institutional Realty Advisors, Inc. where I performed lease analyses and prepared cash-flow projections for businesses. From 1984 to 1988, I worked for Bear Stearns and Company, Inc., as a credit analyst determining the financial creditworthiness for major financial institutions and I worked for Manufacturers Hanover Trust Company as an international banking officer.

6.      Just following and prior to my graduation from law school and admission to the New York bar, I worked as a legal consultant and contract attorney for several large multinational law firms and corporations. Furthermore, from 2004 to 2009, I practiced law at

Skadden, Arps, Slate, Meagher & Flom, LLP in both its Real Estate and Litigation departments, where I performed all activities relating to large real estate transactions and trial preparation in multi-million dollar class-action lawsuits. From 2000 to 2004, I worked as a contract attorney for, among others, Citibank, Schulte, Roth & Zabel, LLP and Solomon Zauderer, Ellenhorn, Frischer & Sharp, where I advised their respective Securities, Corporate and Securities Litigation groups concerning a multitude of securities issues and trial strategy. From 1998 to 2000, I served as a corporate associate at Simpson, Thacher & Bartlett, LLP where I practiced securities law. From 1994 to 1998, I was engaged as a solo practitioner and consultant handling a variety of real estate and litigation matters as well as practicing before the U.S. Bankruptcy Court and the U.S. Immigration Court.

7.      In connection with my foregoing professional and legal work experience, I have worked on a variety of complex commercial and consumer matters. Since leaving Skadden Arps in 2009, I have been engaged as a solo practitioner and have a growing practice representing consumers on claims under the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.* I am now, and have been, involved in actions brought solely as individual claims as well as class actions. My cases have been filed in the Eastern District of New York, Western District of New York, Northern District of New York, Southern District of New York, District of New Jersey, District of Pennsylvania, Northern District of Illinois, the Southern and Central Districts of California, the District of Kansas, the Southern District of Florida and the Eastern District of North Carolina.

8.      I have been certified to act as class counsel in the following consumer class action lawsuits:

- *Anderson, et al. v. Nationwide Credit, Inc.*,
  U.S. District Court, E.D.N.Y. Case No. 2:08-cv-01016-LDW-ETB;

- *Harrigan v. Receivables Performance Management, LLC*,
  U.S. District Court, N.D.N.Y. Case No. 8:09-cv-01351-RFT;

- *Gravina v. United Collection Bureau, Inc.*,
  U.S. District Court, E.D.N.Y. Case No. 2:09-cv-04816-LDW-AKT;

- *Gravina, et al. v. National Enterprise Systems, Inc.*,
  U.S. District Court, E.D.N.Y. Case No. 2:09-cv-02942-JFB-GRB;

- *Anderson, et al. v. Nationwide Credit, Inc.*,
  U.S. District Court, E.D.N.Y. Case No. 2:10-cv-03825-LDW-ETB;

- *Pawelczak v. Bureau of Collection Recovery, LLC*,
  U.S. District Court, N.D. Ill. Case No. 1:11-cv-01415;

- *Zirogiannis v. Professional Recovery Consultants, Inc.*,
  U.S. District Court, E.D.N.Y. Case No. 2:11-cv-00887-LDW-ETB;

- *Lagana v. Stephen Einstein & Associates, P.C. et al.*,
  U.S. District Court, S.D.N.Y. Case No. 1:10-cv-04456-KMW-GWG;

- *Corpac v. Rubin & Rothman, LLC*,
  U.S. District Court, E.D.N.Y. Case No. 2:10-cv-04165-ADS-ETB;

- *Castellano, et al. v. Global Credit & Collection Corporation*,
  U.S. District Court, E.D.N.Y. Case No. 2:10-cv-05898-JFB-WDW;

- *Cedeno v. Bureau of Collection Recovery, Inc.*,
  U.S. District Court, C.D. Cal. Case No. 8:10-cv-01960-JVS-FFM;

- *Pawelczak v. Financial Recovery Services, Inc.*,
  U.S. District Court, N.D. Ill. Case No. 1:11-cv-02214;

- *Gravina v. Weltman, Weinberg & Reis, Co., LPA.*,
  U.S. District Court, E.D.N.Y. Case No. 2:11-cv-01161-JFB;

- *Krug v. Davis Davis Attorneys, P.C., et al.*,
  U.S. District Court, D. NJ. Case No. 1:10-cv-04975-JS;

- *Zirogiannis v. Mel S. Harris & Associates, LLC, et al.*,
  U.S. District Court, E.D.N.Y.  Case No. 2:12-cv-000680-JFB-ARL; and

- *Sebrow v. Fulton, Friedman & Gullace, LLP, et al.*,
  U.S. District Court, E.D.N.Y. Case No. 1:10-cv-05897-DLI-RER.

9.      Attached hereto as **_Exhibit A_** is the Affidavit of Susan Tsai who is a Case Manager for First Class, Inc., the Settlement Administrator hired by the Parties to serve the notice to class members and administrate the class settlement as set forth in the Parties' class settlement agreement ("Agreement"). The following relevant facts are set forth in Ms. Tsai's Affidavit:

(a)     On April 29, 2013, notice of the class settlement of this action was mailed to 21,171 Settlement Class members by the Settlement Administrator, First Class, Inc., via First Class U.S. Mail, postage prepaid, with Forwarding Service Requested. [Exh. A, ¶¶ 6-7]

(b)     As of June 24, 2013, a total of 1,938 notices were returned by the United States Postal Service as undeliverable with no forwarding address or further information; there were also a total of 384 notices returned by the United States Postal Service, which were successfully re-mailed. [Exh. A, ¶¶ 8-9].

(c)     In total, 19,233 Settlement Class members (91%) received notice of the class settlement; of those, 17 Settlement Class members requested exclusion (0.088%) and 2 Settlement Class members objected (0.010%). [Exh. A, ¶¶6-12].

10.     It is my opinion, that the 1,938 Settlement Class members whose notice was returned to First Class, Inc. as undeliverable should automatically be excluded from the settlement as they did not receive notice of the class settlement.

11.     In the notice that was sent to the Settlement Class, Settlement Class Members were advised that they had the right to opt-out, or object to, the settlement provided that they put their request in writing to Class Counsel, Defendants' counsel, and the Court. As of this date, my office received 17requests from Settlement Class members for exclusion and 2 objections to the settlement, all of which are collectively listed in the Affidavit of Susan Tsai. [Exh. A, ¶¶10-12].

12.     Fed. R. Civ. P. 23(h) provides, in part, "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." I submit that such fees and costs are authorized by both law and the Parties' agreement. See, 15 U.S.C. § 1682k(a)(3). Indeed, after months of continuous and often contentious negotiation, the Parties reached an agreement whereby Defendant would pay Settlement Class Counsel $90,000.00 for their reasonable fees and costs incurred in the Action. [Doc. 62-2, ¶10(d)].

13.     The majority of my law practice is contingent fee litigation on behalf of plaintiffs. I regularly represent plaintiffs in contingent fee cases in Federal Courts throughout the State of New York as well as various other District Courts located throughout the United States of America. I frequently work with other plaintiff's lawyers who handle cases on a contingent fee basis and, in that regard, I am generally familiar with the range of contingent fee percentages charged by plaintiff's lawyers.

14.     The normal hourly billing rates in my law firm are as follows: $125.00 for paralegals; $175.00 for law clerks; and $450.00 for me. My law clerk is a law school graduate who has successfully passed the New Jersey bar exam and is currently awaiting admission. I submit that these rates are fair and reasonable and are consistent with the rates in the Eastern District of New York (where my practice is located) based on each timekeeper's knowledge and experience and in light of the risks inherent in bringing and prosecuting cases such as this one.

15.     My hourly rate set forth above is the same as the regular current rate I charge for services in other contingent matters in class action litigation and is also consistent with fees charged to occasional hourly paying clients. I adjust my hourly rate annually to account for inflation and increasing experience and they are consistent with the rates charged by attorneys of comparable experience and expertise in the New York metropolitan area.

16.     To date, my office has expended a total of 323.83 hours of total time, which includes 159 hours of attorney time and 164.83 hours of law clerk time, which using the above-referenced rates totals $100,395.25. Moreover, based on my past experience, I expect my office will expend an additional 15 hours of time (10 attorney, 5 law clerk) in concluding the case (e.g., hearings, filings, class member inquiries, and *cy pres* administration) for a total $5,375.00. My office has also incurred $14,420.91 in costs (e.g., court fees, service/courier, travel, depositions, and transcripts).

17.     In this case, I associated counsel in California, Robert E. Schroth Jr., whose sole function was to take the deposition of former Defendant, Cynthia Fulton, in the State of Arizona. The purpose of associating Mr. Schroth was to reduce the amount attorney's and costs, and travel expense. Mr. Schroth an attorney with 12 years experience and he is licensed to practice law in California and Wyoming. [Doc. 55-1]. Mr. Schroth's hourly rate is $250.00, which I believe is more than reasonable in this District given his experience. In total, Mr. Schroth expended 25.4 hours of attorney time for a total of $6,350.00.

18.     The affidavits of my co-counsels, Abraham Kleinman and Robert L. Arleo, indicate that they have respectively incurred $14,875.00 and $48,450.00 in attorney fees in connection with their own work on this case.

19.     Thus, based on my hourly rates and expenses, my law firm's fees and costs total $120,191.16 and when combined with my co-counsels' combined office billings of $63,325.00, it reflects a total of $189,866.16. Notwithstanding this, the Parties' Agreement caps all fees and costs at $90,000.00.

*In accordance with 28 U.S.C. §1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 3rd day of July, 2013, at Fresh Meadows, New York.*

*s/ William F. Horn*

William F. Horn, Esq. (WH-1070)
LAW OFFICE OF WILLIAM F. HORN
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile:  (866) 596-9003

*One of the Attorneys for Plaintiff, Yekusiel Sebrow, and all others similarly situated*

# EXHIBIT "A"

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

———————————————————————x

YEKUSIEL SEBROW, an individual; on behalf
of himself and all others similarly situated,

             Plaintiffs,

      vs.

FULTON, FRIEDMAN, & GULLACE, LLP, a
New York Limited Liability Partnership; *et al*,

            Defendants.

———————————————————————x

CASE NO.:  1:10-cv-05897-DLI-RER


**NOTICE OF CLASS ACTION**
**SETTLEMENT**


## AFFIDAVIT OF SUSAN TSAI

STATE OF ILLINOIS, COUNTY OF COOK

I, Susan Tsai, under penalty of perjury affirm that the following statements are true:

1. I am a Case Manager for First Class, Inc. and have personal knowledge of this matter.

2. First Class, Inc., a Class Action Administration Service, was retained in connection with the administration of the settlement of this lawsuit.

3. The class list was received from Jonathan B. Bruno of Kaufman Borgeest & Ryan LLP, and contained 22,134 records.

4. Prior to mailing the notice to individuals on the class mailing list, First Class, Inc. followed its standard practice of checking for, and removing exact duplicate records within the class list, and in this case, 954 duplicate records were found.

5. Per the instruction of Jonathan B. Bruno, 9 records with missing or incomplete address information were removed from the mailing list.

6. The notices were mailed on April 29, 2013 to 21,171 class members.

7. The notices were mailed via First Class mail, postage prepaid, with Forwarding Service Requested.

8. As of June 24, 2013, 1,938 notices have been returned as undeliverable with no forwarding address or further information provided by the US Postal Service.

9. As of June 24, 2013, 384 notices were returned by the U.S. Postal Service with a new address and remailed.

10. As of June 24, 2013, Class Counsel received the following 16 requests for exclusion:

    a.  Luis Medina of West Babylon, NY;

    b.  Mohammad Salam of Bronx, NY;

    c.  James Monteverde of Astoria, NY;

    d.  Jacqueline E Madison of Plattsburgh, NY;

    e.  Laura Supliski of Carmel, NY;

    f.  Erin M Hausser of Bayville, NY;

    g.  Valarie A Lamour of Astoria, NY;

    h.  Amy E Heffron of Ithaca, NY;

    i.  Paul N Nadler of Northport, NY;

    j.  Cynthia Helwig of Cohoes, NY;

    k.  Joann Moore of Hopewell Junction, NY;

    l.  Rosanna Nuzzolo of Bronxville, NY;

    m.  Geraldine Palminteri of Mahopac, NY;

    n.  Anthony R Mousseau of Rouses Point, NY;

    o.  Roshel Avezki of Kew Gardens, NY; and

    p.  Norberto Ferrer of Ridgewood, NY.

11. As of June 24, 2013, the following additional exclusion request was received only by Defendants' counsel: Mary Roach of Mount Kisco, NY.

12. As of June 24, 2013, the following 2 objections have been received by the Court and the Parties:

    a.  Tracey Frazier of Rockaway Beach, NY [Doc. 76]; and

    b.  Sally Ann Parent of Dover Plains, NY [Doc. 74].

FURTHER AFFIANT SAYETH NOT.

AFFIANT

NOTARY PUBLIC

OFFICIAL SEAL
MICHAEL CAINES
Notary Public - State of Illinois
My Commission Expires Sep 13, 2014

SWORN TO AND SUBSCRIBED before me this
27TH day of JUNE _____, 2013 by
Susan Tsai of First Class, Inc.