UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------x

YEKUSIEL SEBROW, an individual; on behalf of himself and all others similarly situated,

     Plaintiffs,

vs.

FULTON, FRIEDMAN, & GULLACE, LLP, a New York Limited Liability Partnership; THOMAS MCCARTHY, individually and in his official capacity; JASON P. VERHAGEN, individually and in his official capacity; MARIA J. REED, individually and in her official capacity; PATRICIA A. BLAIR, individually and in her official capacity; DANTE GULLACE, individually and in his official capacity; CYNTHIA L. FULTON, individually and in her official capacity; ALLAN J. FRIEDMAN, individually and in his official capacity; and JOHN AND JANE DOES NUMBERS 8 THROUGH 25,

     Defendants.

---------------------------------------------------x

CASE NO.: 1:10-cv-05897-DLI-RER

**FINAL APPROVAL ORDER**

Upon consideration of the Parties' request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff, YEKUSIEL SEBROW ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant, FULTON, FRIEDMAN & GULLACE, LLP ("Defendant" or "FULTON FRIEDMAN"), the Court orders and finds as follows:

  1.  This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, Settlement Class members, and Defendant.

  2.  The following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

    (i) all persons in the State of New York; (ii) to whom FULTON FRIEDMAN sent a written communications in the form attached

6. There were a total of 2 objections filed and/or received by the Court and the Parties. [Docs. 74 & 76]. The Court has considered the two objections and finds them to be without merit.

7. On July 5, 2013, the Court held a fairness hearing to which Settlement Class members, including any with objections, were invited. Excluded from the Settlement Class are those persons, identified in the <u>Exhibit A</u> hereto, who timely and validly requested exclusion.

8. The Court finds that provisions for notice to the class satisfy the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

9. The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the Parties, including the Release and payments by Defendant. Upon the Effective Date, as that term is defined in the Agreement, Defendant shall make the following payments:

   (a) Defendant will create a class settlement fund of $5,443.00 ("Class Recovery"), which a Settlement Class Counsel shall distribute to the New York Legal Assistance Group as a *cy pres* payment.

   (b) Defendant shall pay Plaintiff $2,500.00.

   (c) Class Counsel will receive attorneys' fees and costs in the amount of $90,000.00. Class Counsel will not request additional fees or costs from Defendant or the Settlement Class members.

10. Upon the Effective Date, as that term is defined in the Agreement, the following releases shall become effective:

   (a) Plaintiff, including each and every one of his respective agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for his benefit, and any person claiming through him (collectively "Releasors"), releases and forever discharges FULTON, FRIEDMAN & GULLACE LLP, as well as its parent corporations, predecessors and successors in interest, present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries,

3

representatives, attorneys, or assigns, in their individual and official capacities; THOMAS MCCARTHY, individually and in his official capacity, his spouse, and his heirs, successors, legal representatives, and assigns; JASON P. VERHAGEN, individually and in his official capacity, his spouse, and his heirs, successors, legal representatives, and assigns; MARIA J. REED, individually and in her official capacity, her spouse, and her heirs, successors, legal representatives, and assigns; PATRICIA A. BLAIR, individually and in her official capacity, her spouse, and her heirs, successors, legal representatives, and assigns; DANTE GULLACE, individually and in his official capacity, his spouse, and his heirs, successors, legal representatives, and assigns; CYNTHIA L. FULTON, individually and in her official capacity, her spouse, and her heirs, successors, legal representatives, and assigns; ALLEN D. FRIEDMAN (s/h/a "ALLAN J. FRIEDMAN"), individually and in his official capacity, his spouse, and his heirs, successors, legal representatives, and assigns (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date of this Agreement. Without limiting the generality of the foregoing, Releasors release Released Parties of all claims that were made or that could have been made in this lawsuit including all claims relating to Defendants' collection activity.

(b) Each member of the Settlement Class whose name does not appear on the list attached hereto as <u>Exhibit A</u> releases and discharges the Released Parties of all causes of action, suits, liability and claims including the payment of attorney's fees and costs arising from or relating to the Class Claims set forth in Plaintiff's First Amended Complaint filed in the Litigation.

(c) The releases above do not release any defense Plaintiff and each Settlement Class member may have with respect to the underlying debts which Defendant was attempting to collect, including, but not limited to (i) whether any debt is in fact owed, (ii) the crediting of payments on any debt, or (iii) the proper reporting of any debts to credit bureaus.

(d) The releases above do not release Defendant's claims, if any, against Plaintiff or any member of the Settlement Class for payment of their debts. The underlying debts Defendant sought to collect are not affected by the settlement. The settlement does not prevent Defendant from continuing its attempts, if any, to collect the debts allegedly owed by the Settlement Class Members.

11. The Court finds the Agreement is fair and made in good faith.

12. The terms of the Agreement are incorporated into this order. This order shall operate as a final judgment and dismissal without prejudice of the claims in this action.

13. The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this order.

14. The Court retains exclusive jurisdiction to enforce the terms and provisions of the Agreement and this order.

15. The Parties are hereby ordered to comply with the Terms of the Agreement and this order.

IT IS SO ORDERED.

_____
HONORABLE RAMON E. REYES, JR.
United States Magistrate Judge

Dated: 7/5/13

# EXHIBIT "A"

(1) Luis Medina of West Babylon, NY;

(2) Mohammad Salam of Bronx, NY;

(3) James Monteverde of Astoria, NY;

(4) Jacqueline E Madison of Plattsburgh, NY;

(5) Laura Supliski of Carmel, NY;

(6) Erin M Hausser of Bayville, NY;

(7) Valarie A Lamour of Astoria, NY;

(8) Amy E Heffron of Ithaca, NY;

(9) Paul N Nadler of Northport, NY;

(10) Cynthia Helwig of Cohoes, NY;

(11) Joann Moore of Hopewell Junction, NY;

(12) Rosanna Nuzzolo of Bronxville, NY;

(13) Geraldine Palminteri of Mahopac, NY;

(14) Anthony R Mousseau of Rouses Point, NY;

(15) Roshel Avezki of Kew Gardens, NY;

(16) Norberto Ferrer of Ridgewood, NY; and

(17) Mary Roach of Mount Kisco, NY.